UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA SMITH,<br>As Executrix of the<br>Estate of Josephine Giaimo | :<br>:<br>: NO. 3:01 CV 1375(AHN) |
| vs. | : |
| TOWN OF EAST HAVEN<br>Individual Officers: Mike D'Amato, Badge #0430;<br>David Torello, Badge # 1750;<br>John Cascio, Badge # 0310<br>Lisa Scaramella, Badge #1580; and<br>Kevin McCarthy, Badge #1080 | :<br>:<br>:<br>:<br>:<br>: MARCH 17, 2004 |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 15(a) and 16, plaintiff hereby seeks leave of the Court to file an Amended Complaint. Plaintiff seeks leave to amend her complaint to clarify that her complaint seeks damages against the City of East Haven pursuant both to Connecticut General Statutes section 7-465 and to Connecticut General Statutes section 52-557n. The requested amendment will not alter the evidence in issue. Accordingly, plaintiff respectfully requests leave to file the attached amended complaint.

A.   **Factual and Procedural Background**

Plaintiff filed her complaint on July 20, 2001, claiming federal civil rights violations and state law claims sounding in negligence against the defendant police officers and Town of East Haven. Plaintiff's decedent was shot to death by her ex-husband. Plaintiff claims, inter alia, that the defendant police officers knew or should have known of the danger to her

decedent and failed to take appropriate action to protect her.  Plaintiff's state law claim is currently specifically pled pursuant to Connecticut General Statute § 7-465, which provides negligence liability for Connecticut municipal employees, and requires the municipality to indemnify its employees.

Plaintiff concedes that this case is well beyond the time set by the scheduling order for amendment of the pleadings.   Trial has not yet been scheduled.

**B.**     **Standard Under Federal Rule of Civil Procedure 15(a)**

Federal Rule of Civil 15(a) provides:

> (a)  Amendments.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleadings is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court explained that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject to relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be freely given." Foman, 371 U.S. at 182 (internal quotation marks omitted).  The decision whether to grant leave to amend is within the court's sound

discretion. Id. As Foman "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing spirit of the Federal Rules." United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir.1989) (citation and internal quotation marks omitted).

**C.    Reasons for Proposed Amendment**

Under Connecticut law, an action such as this against a municipality may be brought both under Connecticut General Statutes section 7-465 and section 52-557n. Section 7-465 permits a joint action against a municipal employee and an indemnifying municipality. Section 52-557n is a direct cause of action against the municipality for the negligent acts and omissions of its employees. In April 2003, the Connecticut Supreme Court clarified that section 52-557n broadly abrogates municipal immunity. See Spears v. Garcia, 263 Conn. 22 (2003).[1]

Plaintiff has already alleged the negligence of the police officer defendants and the East Haven Police Department. (Compl. ¶¶ 6-17, 20-21.) Pursuant to section 7-465, the Town of East Haven must indemnify these defendants for their negligent acts. Pursuant to section 52-557n, the Town of East Haven is directly liable for these defendants' negligent acts. Section 52-557n is simply additional legal theory under which plaintiff may proceed on the facts already alleged. Accordingly, plaintiff sees no prejudice to defendants in the proposed amendment. Plaintiff by the same token expects that such an amendment would not delay the course of the case in any way.[2]

---

[1] Unlike § 7-465, § 52-557n does not have a pre-suit notice requirement.
[2] Because the section 52-557n claim raises out of exactly the same facts as the other allegations in the complaint, it would relate back to the filing of the original complaint. Under Fed. R. Civ. P. 15(c)(2), "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose

3

     Plaintiff is aware that the she is well outside the time permitted by the scheduling order for defendants.  Plaintiff respectfully submits, however, that amendment should be permitted here.  This is the first proposed amendment to the complaint.  The amendment will affect neither the course of discovery nor delay the case.

    For these reasons, plaintiff respectfully requests her motion be granted.

                               THE PLAINTIFF

By: /s/ Rosemarie Paine
    Rosemarie Paine (ct15694)
    JACOBS, GRUDBERG, BELT & DOW, P.C.
    350 Orange Street
    New Haven, CT 06503
    Telephone No.: 203-772-3100
    Facsimile No.: 203-772-1691
    e-mail: rpaine@jacobslaw.com

---

out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." As the Second Circuit has recognized, "[t]he pertinent inquiry ... is whether the original complaint gave the defendant fair notice of the newly alleged claims." Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir.1998); see also Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 36 (2d Cir.2002) ("Even if the description of an act of fraud was not fully developed or specifically described as part of a RICO conspiracy, it would put the defendants on notice that the conduct was at issue."); Benfield v. Mocatta Metals Corp., 26 F.3d 19, 23 (2d Cir.1994) (finding that for relation back doctrine to apply, "there must be a sufficient commonality" of alleged acts of wrongdoing to preclude a claim of "unfair surprise"); Iragorri v. United Technologies Corp., 285 F.Supp.2d 230, 244 - 245 (D. Conn. 2003) (amendment related back where complaint was sufficient to have put defendant on notice that plaintiffs intended to hold it liable for plaintiffs' loss and that defendant's alleged negligence formed the basis for the liability, and new claims arose out of the same "conduct, transaction, or occurrence" as identified in the original complaint).

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed first class, postage prepaid this 17th day of March 2004 to:

Hugh Keefe, Esquire
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
New Haven, CT 06506

                                                <u>/s/ Rosemarie Paine</u>
                                                Rosemarie Paine