

FILED
2004 MAR 26 P 3: 04
U.S. DISTRICT COURT
BRIDGEPORT, CONN

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA SMITH | : | NO. 3:01 CV 1375(AHN) |
| As Executor of the | : | |
| Estate of Josephine Giaimo | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF EAST HAVEN | : | |
| Individual Officers: | : | |
| Mike D'Amato, Badge #0430 | : | |
| David Torello, Badge #1750 | : | |
| John Cascio, Badge #0310 | : | |
| Lisa Scaramella, Badge #1580; and | : | |
| Kevin McCarthy. Badge #1080 | : | MARCH 26, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.    <u>FACTS</u>

The Plaintiff, Sandra Smith, commenced the present action as executrix of the

Estate of Josephine Giaimo (hereinafter "the deceased") by Complaint dated July 20,

2001. According to the complaint, the deceased was murdered by her estranged

husband, Frank Cosenza (hereinafter "Cosenza"), on July 20, 2000. Compl. ¶ 17.

According to the complaint, the East Haven Police Department (hereinafter

"EHPD"), through various individual officers, administered police services and advice

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  F.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC

1

to the deceased in matters concerning her relationship with Cosenza beginning on June 28, 2000 until her death on July 20, 2000. Compl. ¶ 6. Specifically, the plaintiff alleges that the deceased informed the EHPD that she was in the process of divorcing Cosenza and that Cosenza had been following her, had threatened her, and that he had a gun. Compl. ¶¶ 7-10.

On July 6, 2000, the deceased obtained a restraining order against Cosenza, which required that Cosenza surrender all firearms within two business days. Compl. ¶ 12. The plaintiff further alleges that on July 7, 2000, Deputy Sheriff Frank T. Baldo reported to Officer Mike D'Amato of the EHPD that he had served Cosenza with the restraining order and that Cosenza admitted he was in possession of more than one gun. Compl. ¶ 13. Officer D'Amato was given a copy of the restraining order and an affidavit of the deceased in which she stated that Cosenza had threatened her life. Compl. ¶ 13.

According to the plaintiff, the EHPD made no attempt to find and collect Cosenza's guns, made no attempt to warn the deceased of what they had learned, and took no action against Cosenza when he failed to comply with the handgun restriction term of the restraining order. Compl. ¶ 14. In addition, the plaintiff further alleges that,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04 .DOC

2

even though the EHPD arrested Cosenza for breach of peace on July 12, 2000, and took possession of his gun permit, they made no further attempt to confiscate any of Cosenza's guns. Compl. ¶ 15.

The plaintiff claims that the EHPD violated the deceased's constitutional rights by developing and maintaining policies and customs exhibiting deliberate indifference to the constitutional rights of persons in East Haven. Compl. ¶ 18. Specifically, the plaintiff claims that the Town failed to train as to the proper procedures regarding the handgun restriction on restraining orders. She further claims that the Town's policy as to enforcing such handgun restrictions was unreasonable. Compl. ¶ 18. Finally, the plaintiff claims that the defendant officers knew the deceased was in danger of imminent harm from Cosenza and failed to protect her, despite having a duty to do so. Compl. ¶¶ 20-21.

The defendant Town of East Haven hereby moves for summary judgment on the plaintiff's <u>Monell</u> claim. Moreover, the defendant officers move for summary judgment on the remaining counts pursuant to the doctrines of qualified and governmental immunity.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
3

## II.     LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure requires the entry of summary judgment where the moving party "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one whose resolution will affect the ultimate determination of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242; 106 S. Ct. 2505 (1986). In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all inferences against the moving party. Id. at 255. However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Samuels v. Smith, 839 F.Supp. 959, 962 (D. Conn. 1993).

The party opposing a motion summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts that there is a genuine issue for trial." Anderson, 477 U.S. at 256; 106 S. Ct. at 2514. Thus, when the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Giaimo\Memo of Law in Support of Mot for Sum Judg 3-26-04.doc

4

beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 321; 106 S. Ct. 2548, 2552 (1986). Moreover, the non-moving party must produce evidence to show the existence of every element essential to its claim which it bears the burden of proving at trial. Id. at 322; 2552.

III.    LEGAL ARGUMENT

    A.    THE INDIVIDUAL OFFICERS ARE ENTITLED TO SUMMARY JUDGMENT PURSUANT TO THE DOCTRINE OF QUALIFIED IMMUNITY

Although 42 U.S.C. § 1983 provides a right of action against any person who, acting under color of law, deprives another of a right, privilege or immunity secured by the Constitution or federal law, such a claim fails where the defendant is entitled to qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818; 102 S. Ct. 2727 (1982). The doctrine of qualified immunity shields public officials from liability where "their conduct does not violate clearly established statutory or constitutional rights" that would have been known to a reasonable person or where "it is objectively reasonable for them to believe that their acts do not violate those rights." Whalen v. County of Fulton, 126 F.3d 400, 404 (2d Cir. 1997). See also Lennon v. Miller, 66 F.3d 416, 422 (2d

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC

5

Cir. 1995). In the present case, under either test, the individual officers are entitled to qualified immunity.

    1.    <u>The Rights at Issue are Not "Clearly Established Statutory or Constitutional Rights" That Would Have Been Known to a Reasonable Person.</u>

The plaintiff alleges that the individual officers failed to protect the decedent by making "no attempt to find and collect Cosenza's guns, no attempt to make further inquiry of the State Police or Josephine Giaimo of Cosenza's gun ownership, and no attempt to warn [the decedent] of what they had learned." Compl. ¶ 14. In addition, the plaintiff claims that the officers took no action against Cosenza when he failed to comply with the handgun restriction of the restraining order, and failed to arrest Cosenza on more serious felony charges which she alleges were warranted by Cosenza's conduct. Compl. ¶¶ 14-15. In essence, the plaintiff claims that the East Haven Police Officers failed to protect the decedent from the violence of a private actor.

It is well-established that a State's failure to protect an individual against private violence does not constitute a violation of an individual's substantive due process rights. <u>DeShaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189; 109 S. Ct. 998 (1989). In <u>DeShaney</u>, for example, the Department of Social Services ("DSS") was

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06508-1612
Telephone (203) 787-0275  Facsimile (203) 782-0278
W:\East Haven\Giaimo\Memo of Law in Support of Mot for Sum Judg 3-26-04.doc
6

aware that the plaintiff's son had been repeatedly abused by his father. Id. at 192; 1001.

Nonetheless, DSS did not remove the child from his father's custody. Id.  After the

father, on a subsequent occasion, severely beat the child, the plaintiff brought suit

against DSS on the ground that her child's substantive due process rights were violated.

Id. at 193; 1002.  Specifically, she alleged that "[t]he State deprived [her son] of his

liberty interest in 'freedom from … unjustified intrusions on personal security,' by

failing to provide him with adequate protection against his father's violence." Id. at 195;

1002-1003 (internal citations omitted).  The United States Supreme Court, however,

rejected this claim.  The Court stated that:

> [N]othing in the language of the Due Process Clause itself requires the
> state to protect the life, liberty, and property of its citizens against
> invasions by private actors.  The Clause is phrased as a limitation on the
> State's power to act, not as a guarantee of certain minimal levels of safety
> and security.

Id. at 195; 1003.  Indeed, the Court concluded that "a state's failure to protect an

individual against private violence simply does not constitute a violation of the Due

Process Clause." Id. at 197; 1004. See also Pitchell v. Callan, 13 F.3d 545, 549 (2d. Cir.

1994) (despite police department regulation requiring police intervention when murder

is threatened, off-duty police officer's failure to intervene when another off-duty police

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC

7

officer threatened to shoot, and did shoot victim, does not constitute a violation of the due process clause because said shooting was private violence").

Notably absent from the plaintiff's allegations is a clearly "established statutory or constitutional right." The plaintiff has not and cannot point to any statute or constitutional provision entitling her to protection from private violence.[1] As such, the failure of the officers to seize Cosenza's guns, warn the decedent of what they had learned, charge Cosenza with a more serious crime than breach of peace, and, in essence, protect her from private violence, unquestionably satisfies the first test for qualified immunity – namely, the officers' conduct did not violate clearly established statutory or constitutional rights that would have been known to a reasonable person. See Estate of Smith v. Town of West Hartford, 186 F.Supp.2d 146, 152-153 (D. Conn. 2002) (holding that, pursuant to DeShaney, police chief and others did not deprive

---

[1] It is important to note that the test of "clearly established law" is not to be applied with a level of generality because such analysis would "bear no relationship to the 'objective legal reasonableness'" that is the touchstone of the doctrine of qualified immunity. Mozzochi v. Borden, 959 F.2d 1174, 1178 (2d Cir. 1992). "Our cases establish that the right the official is alleged to have violated must have been so 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
8

fellow officer of substantive due process when they failed to take sufficient remedial actions to prevent his suicide with his service revolver, despite knowing that he was suicidal, and holding that no special relationship existed between the decedent and the municipality because the decedent was not in custody); <u>Star v. Burlington Police Department</u>, 189 F.3d 462 (2d. Cir. 1999) (unpublished opinion)[2] (citing <u>DeShaney</u>, the court held that "[a]ppellant's allegation that the Burlington Police Department's failure to respond to her complaints allowed a private party to harm her does not suffice to state a valid due process claim"). Clearly, this case law demonstrates that there is no duty to protect from private harm. As such, it is <u>not</u> clearly established that defendants should have taken further action. Accordingly, the defendants are entitled to qualified immunity.

2.    <u>It was Objectively Reasonable for the Individual Officers to Believe that Their Acts Did not Violate the Decedent's Rights</u>

Should this Court find that the individual officers are not entitled to qualified immunity under the first test, then it should examine whether they are qualified under the second test – specifically, whether it was objectively reasonable for the officers to

---

[2] All unpublished opinions cited herein are attached as Exhibit J.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC

9

believe that their actions did not violate the decedent's rights. As explained herein, the officers qualify for immunity under this test as well.

The plaintiff's claim against the individual officers stems from their response to the decedent's reports concerning Cosenza's threatening behavior. There is no dispute that the EHPD officers responded to each and every one of the decedent's complaints and concerns. For example, when the decedent first felt threatened by Cosenza on June 28, 2000, she contacted the police and Officer Lisa Scaramella was dispatched to her home. Compl. ¶ 7. Later that same day, Officer John Cascio was dispatched to the decedent's home when she felt further threatened by Cosenza's conduct. See Transcript of John Cascio's Deposition, dated February 6, 2003, attached hereto as Exhibit A, p. 27-28. At this time, Officer Cascio investigated the decedent's complaint, provided her with his personal phone number, and instructed her to contact him or the police at any time should a future problem arise. (Cascio Depo., Exhibit A, pp. 31-52). Cascio also advised the decedent to obtain a restraining order, which she did. (Cascio Depo., Exhibit A, p. 47).

Later, on July 12, 2000, the decedent contacted Cascio because she felt that Cosenza had violated the restraining order. (Cascio Depo., Exhibit A, pp. 68-70). Cascio

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
10

was off-duty, but told the decedent to immediately contact the EHPD, which she did.

(Cascio Depo., Exhibit A, pp. 69-70). The EHPD subsequently arrested Cosenza for

breach of peace. (Cascio Depo., Exhibit A, pp. 70-71); see also Transcript of David

Torello's Deposition, dated February 6, 2003, attached hereto as Exhibit B, p. 30-32. At

the time, the EHPD, in accordance with the restraining order, confiscated Cosenza's gun

permit. (Torello Depo., Exhibit A, p. 43); see also Protective Order, dated 07/13/00,

attached hereto as Exhibit C. Although they did not inquire into whether Cosenza had

any guns, and did not attempt to confiscate any guns he may have had, the law at the

time imposed no duty on local police to do either of those things. See Transcript of

Chief Leonard Gallo's Deposition, dated September 24, 2004, attached hereto as Exhibit

D, pp. 20-23. The EHPD operated under the correct belief that the law (at the time)

mandated the State Police to confiscate Cosenza's guns. (Cascio Depo., Exhibit A, pp.

63-64). It is also important to recognize that Cosenza was a resident of New Haven. See

Exhibit C. Therefore, at the time, there was significant dispute as to whether the EHPD

even had jurisdiction to seize the guns in the town of New Haven. See Office of the

Victim Advocate Independent Investigative Report, attached hereto as Exhibit E, pp. 29-

30.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

Lastly, it is important to note that on July 20, 2000, the decedent made no complaint to the EHPD prior to the shooting. <u>See</u> Police Report Narrative, dated 07/21/00, attached hereto as Exhibit F, p. 1; <u>see also</u> Transcript of Detective Bruce Scobie's Deposition, dated September 24, 2003, attached hereto as Exhibit G, pp. 24-26. Indeed, despite the fact that she knew Cosenza was also present at the concert on the East Haven Town Green, the decedent told her friend that she was fine and did not want to leave. (Scobie Depo., Exhibit G, pp. 22-23); Exhibit F, pp. 1-2.

The EHPD responded to each and every one of the decedent's complaints and concerns regarding Cosenza. Officer Cascio provided her with his personal phone number. The decedent obtained a restraining order against Cosenza at the direction of the EHPD, and the EHPD arrested Cosenza when he violated that order. In essence, the EHPD officers did everything that they were asked to do by the decedent, and everything that the law required them to do, in order to protect her. As such, it was objectively reasonable for the officers to believe that their acts did not violate the decedent's constitutional rights. Therefore, the EHPD officers are entitled to qualified immunity.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\East Haven\Giaimo\Memo of Law in Support of Mot for Sum Judg 3-26-04.doc
12

## B.   THE TOWN OF EAST HAVEN IS ENTITLED TO SUMMARY JUDGMENT ON THE PLAINTIFF'S §1983 *MONELL* CLAIM

The Plaintiff alleges that the Town of East Haven developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in East Haven, including the decedent. Compl. ¶ 18.  Specifically, the Plaintiff alleges that the Town failed to train as to the proper procedure regarding handgun restrictions in restraining orders, and that the Town maintained a policy regarding the enforcement of the handgun restrictions which was unreasonable and unconstitutional. Compl. ¶ 19.

"Municipalities are subject to §1983 liability where the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury." <u>Monell v. New York Dept. of Soc. Servs.</u>, 436 U.S. 658, 694; 98 S. Ct. 2018, 2037-2038 (1978). However, a "failure to train" only qualifies as a governmental policy or custom where it "reflects deliberate indifference to the constitutional rights of [the municipality's] inhabitants." <u>City of Canton v. Harris</u>, 489 U.S. 378; 109 S. Ct. 1197 (1989); <u>Keeney v.</u>

City of New London, 196 F. Supp.2d 190, 200 (D. Conn. 2002).  In order to establish such

"deliberate indifference," a plaintiff must show:

> (1) that a policymaker of the municipality knows to a moral certainty that
> its employees will confront a given situation; (2) that the situation either
> presents the employee with a difficult choice of the sort that training or
> supervision will make less difficult or that there is a history of employees
> mishandling the situation; and (3) that the wrong choice by the employee
> will frequently cause the deprivation of a citizen's constitutional rights.

Walker v. City of New York, 974 F.2d 293, 297-298 (2d. Cir. 1992); Nicholson v.

Scoppetta, 344 F.3d 154, 166 (2d. Cir. 2003).

The plaintiff has failed to present any evidence regarding the second element of

the Walker analysis.  At the time of this unfortunate incident, the Division of Criminal

Justice's policy did not require local law enforcement agencies to seize guns from

persons subject to restraining orders. (Gallo Depo., Exhibit D, pp. 20-23).  Indeed, local

police departments were merely required to confiscate gun permits.  The EHPD

therefore acted pursuant to its usual practice, believing that the State Police would

confiscate Cosenza's guns. (Gallo Depo., Exhibit D, pp. 20-23, 38).  As such, the plaintiff

cannot establish that, at the time, the EHPD was presented with a "difficult choice of the

sort that training or supervision [would] make less difficult." Walker, supra, at 297.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
14

Because the policy in effect at the time required the State Police to carry out this task,[3]

any further training would have merely instructed the officers to do what they, in fact,

did – defer to the authority of the State Police to seize Cosenza's guns.

Furthermore, the plaintiff has not alleged that there was a history of mishandling

such situations by EHPD officers. Notably absent from the plaintiff's complaint are any

other specific allegations of misconduct. Even construing all ambiguities and drawing

all inferences in favor of the plaintiff, the plaintiff has not made a sufficient showing as

to this claim. Therefore, the defendant is entitled to summary on the plaintiff's Monell

claim.

C.     THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE
       STATE LAW CLAIM BECAUSE THEY ARE ENTITLED TO GOVERNMENTAL
       IMMUNITY

In general, governments and their agents are immune from liability for

discretionary acts conducted in the performance of their official duties.[4] See Conn. Gen.

---

[3] It is important to note that, after this incident, the Division of Criminal Justice
amended its policy to require local law enforcement agencies to seize guns from
persons subject to restraining orders in domestic violence cases. See Connecticut
General Statutes Section 29-26n Protocol, adopted March 25, 2002, attached hereto as
Exhibit H.

Stat. § 52-557n(a)(2)(b); <u>Bonamico v. City of Middletown</u>, 47 Conn. App. 758, 760 (1998)

("a defendant is entitled to judgment as a matter of law if the duties allegedly breached

required the exercise of judgment or discretion, in some measure, by the governmental

employee"). Even if the act is discretionary, however, immunity from liability is

abrogated where the circumstances make it apparent to the officer that his or her failure

to act would be likely to subject an identifiable person to imminent harm. <u>Doe v. Bd. of</u>

<u>Educ. of the City of New Haven</u>, 76 Conn. App. 296, 298 (2003). Nonetheless, "the

ultimate determination of whether qualified immunity applies is ordinarily a question

of law for the court…." <u>Mulligan v. Rioux</u>, 229 Conn. 716, 736 (1994).

The identifiable person/imminent harm exception has been applied only in

limited circumstances. In <u>Sestito v. Groton</u>, 178 Conn. 520, (1979), for example, the

Connecticut Supreme Court held that the exception applied where an on-duty police

officer observed a group of men, including the decedent, engaged in an altercation in a

parking lot adjacent to a bar, and failed to intervene or even make an appearance,

despite hearing gunshots, until the decedent had been shot.

---

[4] The defendants do not believe that a duty exists, but are proceeding with this
argument on the presumption that one does exist.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 08506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC

Similarly, a Connecticut Superior Court applied the identifiable person/imminent harm exception in <u>Florence v. Town of Plainfield</u>, 2004 WL 203106 (Conn. Super. 2004). In that case, the decedent was killed by her estranged boyfriend. <u>Id</u>. at *1. Specifically, the complaint alleged that the Town knew or should have known that the estranged boyfriend was a dangerous man, and of the violent history between him and the decedent. <u>Id</u>. at *2. Indeed, at the time the decedent was killed, the Plainfield Police Department was aware of four separate incidents between she and her estranged boyfriend. <u>Id</u>. at *2-4. In addition, the police failed to execute an arrest warrant that was applied for nearly five weeks before the killing, despite the fact that an officer met with the boyfriend during this time and failed to arrest him despite having the authority to do so. <u>Id</u>. at *3. Based on these facts, the court applied the identifiable person/imminent harm exception. However, the court emphasized that its holding was based, in part, on the small, rural nature of Plainfield, and that it would, therefore, be inapplicable to "situations which might arise in larger towns or urban settings."[5]

---

[5] "This background is necessary to <u>distinguish this case from situations which might arise in larger towns or urban settings</u>. Generally, the Town of Plainfield is a town of modest size located in rural Eastern Connecticut. The State of Connecticut Register & Manual reports the 2000 Census population figure for Plainfield at 14,619 persons. The

◇ Despite <u>Sestito</u> and <u>Florence</u>, "[t]he [identifiable person/imminent harm

exception] ... has received very limited recognition in this state." <u>Tryon v. North

Branford</u>, 58 Conn. App. 702, 710 (2000).  In <u>Shore v. Stonington</u>, 187 Conn. 147 (1982),

for example, a police officer stopped an intoxicated driver, but merely issued the driver

a warning and allowed him to proceed on his way. <u>Id</u>. at 150.  Later that night, the

driver struck and killed another motorist. <u>Id</u>. at 151.  The Supreme Court affirmed

summary judgment in favor of the defendant municipality on governmental immunity

grounds because, as a matter of law, the officer had no reason to know that his failure to

arrest the driver would subject an identifiable person to imminent harm. <u>Id</u>. at 156-157.

---

vast majority of those citizens are law-abiding and have never been arrested. They have
only a passing acquaintance, if any, with the local police department. It is not such a
large town that the police department would not be expected to have a working
knowledge of the convicted felons with a history of violence within the town or those
residents with a history of multiple arrests. If certain geographic pockets or
neighborhoods within the town have a disproportionately high incidence of criminal
activity within the town of Plainfield, the police department would be expected to have
such knowledge. If certain families within the town had an extensive history over time
of criminal and disruptive behavior, the police department of such a town should be
expected to know that information. That information is, or should be, common
knowledge within the law enforcement community within the Town of Plainfield."
<u>Florence v. Town of Plainfield</u>, 2004 WL 203106, at *2 (emphasis added).

◇

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

Similarly, the Court rejected application of the identifiable person/imminent harm exception in <u>Evon v. Andrews</u>, 211 Conn. 501 (1989). In that case, the plaintiff's decedents were killed by a fire in the apartment building in which they resided. <u>Id</u>. at 502. The plaintiffs brought an action against the municipality for failing to enforce various statutes, regulations and codes governing the maintenance of rental dwellings. <u>Id</u>. Affirming the trial court's granting of the defendant's motion to strike, the Supreme Court concluded that the decedents were not subject to "imminent harm." <u>Id</u>. at 502-504. Indeed, the court reasoned that "the fire could have occurred at any future time or not at all." <u>Id</u>. at 507.

Furthermore, the Connecticut Supreme and Appellate Courts have consistently held that the identifiable person/imminent harm exception is only applicable when the dangerous condition is limited both in duration and geography to make it apparent to the defendants that the identifiable person was subject to imminent harm. <u>See</u> <u>Burns v. Bd. of Educ. of the City of Stamford</u>, 228 Conn. 640, 650 (1994) (applying the identifiable person/imminent harm exception because "the danger was limited to the temporary icy condition in this particularly treacherous area of the campus"); <u>Purzycki v. Town of Fairfied</u>, 244 Conn. 101, 104 (1998) (applying the identifiable person/imminent harm

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street  p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278
W:\East Haven\Giaimo\Memo of Law in Support of Mot for Sum Judg 3-26-04.doc
19

exception because the case "involve[d] a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess"); Doe v. Bd. of Educ. of the City of New Haven, 76 Conn. App. at 296 (refusing to apply the identifiable person/imminent harm exception where "the alleged danger … was not limited to a particular area of the school and a particular time period").

In the case at bar, the Defendants are entitled to governmental immunity because the acts at issue were clearly discretionary acts. Moreover, they are entitled to summary judgment because the identifiable person/imminent harm exception does not apply.

Based on the decedent's reports to the individual officers and the officers' awareness of the restraining order, it is arguable that the deceased was an "identifiable person" for purposes of the exception. However, the harm was not sufficiently imminent. Instead, the current facts mirror those of Evon v. Andrew, supra, at 502. In that case, the court did not find the requisite "imminent harm" because the fire could have occurred at any time in the future, or not all. Likewise, under the present facts, from the time the officers became aware of Cosenza's threats against the decedent, and the issuance of the restraining order, Cosenza could have killed the decedent at any

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
20

time in the future, or not all.  Indeed, these facts are in sharp contrast to where an officer personally witnesses an ongoing altercation and fails to intervene until after someone has been shot. See <u>Sestito v. City of Groton</u>, 178 Conn. 520 (1979).

In addition, the facts of <u>Florence v. Town of Plainfield</u>, 2004 WL 203106, are sufficiently distinguishable from the case at bar.  In <u>Florence</u>, for example, officers were aware of <u>four</u> previous <u>violent</u> incidents between the assailant and the decedent. Further, the decedent's complaints to the police regarded actual assaults on her by the assailant, as opposed to mere verbal threats allegedly made in the case at bar.  More significant, however, is the fact that the court in <u>Florence</u> explicitly recognized that its holding was based, in part, on the fact that Plainfield was such a small town.  Indeed, it expressly recognized the inapplicability of its holding to "situations which might arise in larger towns or urban settings," such as East Haven.

Based on the foregoing, there is no genuine issue of material fact that the Defendants are entitled to governmental immunity as a matter of law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
21

D.    SINCE THE INDIVIDUAL OFFICERS ARE ENTITLED TO QUALIFIED
      IMMUNITY, THE PLAINTIFF IS NOT ENTITLED TO INDEMNITY PURSUANT
      TO CONNECTICUT GENERAL STATUTES § 7-465

If the Court concludes that the individual officers are entitled to immunity, the

defendant Town of East Haven is entitled to summary judgment on the plaintiff's claim

for indemnification pursuant to Conn. Gen. Stat. § 7-465. Indeed, Section 7-465 requires

municipalities to assume liability for the torts of their employees. Conn. Gen. Stat. § 7-

465 (2003). However, if the officers are entitled to immunity, the indemnification claim

as to the municipality must necessarily fail. See Kaye v. Manchester, 20 Conn. App. 439

(1990) (holding that a municipality does not become liable under Conn. Gen. Stat. § 7-

465 unless a city employee becomes obligated to pay damages).

IV.    CONCLUSION

For the foregoing reasons, the Defendant Town of East Haven and the individual

officers respectfully request that this Court grant this Motion for Summary Judgment as

there are no genuine issues of material fact and they are entitled to judgment as a

matter of law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC
22

RESPECTFULLY SUBMITTED,
THE DEFENDANTS

BY:_____

        HUGH F. KEEFE, ESQ.
        52 Trumbull Street
        New Haven, CT 06510
        (203) 787-0275
        Federal Bar No. ct05106

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed on March 26, 2004 to all

counsel and pro se parties of record as follows:

Rosemarie Paine, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

        _____
        Hugh F. Keefe, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MEMO OF LAW IN SUPPORT OF MOT FOR SUM JUDG 3-26-04.DOC

23