UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA SMITH | : | NO. 3:01 CV 1375(AHN) |
| As Executor of the | : | |
| Estate of Josephine Giaimo | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF EAST HAVEN | : | |
| Individual Officers: | : | |
| Mike D'Amato, Badge #0430 | : | |
| David Torello, Badge #1750 | : | |
| John Cascio, Badge #0310 | : | |
| Lisa Scaramella, Badge #1580; and | : | |
| Kevin McCarthy. Badge #1080 | : | MARCH 26, 2004 |

DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT

Pursuant to Federal Rule of Civil Procedure 56(c) and the District of Connecticut Local Rule 56(a)(1), the Defendants submit the following Statement of Facts Not in Dispute in support of their Motion for Summary Judgment and Memorandum of Law in support thereof dated March 26, 2004.

1. The plaintiff's decedent, Josephine Giaimo, (hereinafter "the deceased") was murdered by Frank Cosenza on July 20, 2000. Compl. ¶ 17.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\LOCAL RULE 56(A)(1) STATEMENT 3-26-04.DOC

1

2.      The deceased was seventy-seven (77) years old at the time of her death. See Transcript of Sandra Smith' Deposition, dated February 12, 2003, Exhibit I, p. 6.[1]

3.      The deceased married Frank Cosenza in April 1999, separated from him on May 11, 2000, and filed for a divorce in late May 2000.  (Smith Depo., Exhibit I, pp. 9, 24, 27).

4.      After the separation, the deceased had Frank Cosenza evicted from her home because he refused to leave voluntarily.  (Smith Depo., Exhibit I, pp. 34-36).

5.      After the separation, the plaintiff, Sandra Smith, was aware that Frank Cosenza was following and harassing the deceased.  (Smith Depo., Exhibit I, p. 38).

6.       The plaintiff and the deceased were aware that Frank Cosenza possessed guns.  (Smith Depo., Exhibit I, p. 47).

7.      On June 28, 2000, the deceased reported to the East Haven Police that Frank Cosenza had been making harassing phone calls to her.  Compl. ¶7.

8.      Officer Lisa Scaramella responded to and investigated the deceased's June 28, 2000 complaint made to the East Haven Police.  Compl. ¶ 7.

---

[1] All exhibits are attached to the Memorandum of Law in Support of Defendants' Motion for Summary Judgment dated March 26, 2004.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\LOCAL RULE 56(A)(1) STATEMENT 3-26-04.DOC

2

9.     On the evening of June 28, 2000, East Haven Police Officer John Cascio also responded to an emergency call from the deceased at the deceased's home. See Transcript of John Cascio's Deposition, dated February 6, 2003, Exhibit A, pp. 27-28; Compl. ¶¶ 9-10.

10.     On the evening of June 28, 2000, Officer John Cascio advised the deceased to obtain a restraining order against Frank Cosenza, and indicated that he would attempt to warn Cosenza to stay away from the deceased. Compl. ¶ 11; (Cascio Depo., Exhibit A, p. 47).

11.     On the evening of June 28, 2000, Officer John Cascio provided the deceased with his personal phone number and instructed her to contact him or the police at any time should a future problem arise. (Cascio Depo., Exhibit A, pp. 31-52).

12.     On July 6, 2000, the deceased obtained a restraining order against Frank Cosenza, which required Cosenza to stay at least 500 feet away from the deceased, and also required Cosenza to surrender all firearms within two business days of becoming subject to the order. See Protective Order, dated 7/13/00, Exhibit C; Cascio Depo., Exhibit A, pp. 59-60; Compl. ¶ 12.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\LOCAL RULE 56(A)(1) STATEMENT 3-26-04.DOC

3

13. On July 7, 2000, New Haven County Deputy Sheriff Frank T. Baldo reported to Officer Michael D'Amato that he had served Frank Cosenza with the restraining order. Compl. ¶ 13.

14. On July 12, 2000, the East Haven Police Department arrested Frank Cosenza for Breach of Peace after receiving another complaint from the deceased that Cosenza had followed and confronted her that day. Compl. ¶ 15.

15. When Cosenza was arrested on July 12, 2000, Officer David Torello took physical possession of Cosenza's gun permit. Compl. ¶ 15.

16. On July 13, 2000, Officer Cascio, while off-duty, visited the Victim's Advocate in New Haven to advise them that although Mr. Cosenza was an elderly man, he was causing the deceased concern. (Cascio Depo., Exhibit A, pp. 75-78).

17. From July 7, 2000 through July 20, 2000, the East Haven Police Department did not confiscate Cosenza's guns because it operated under the belief that the State Police handled such matters, and that the law imposed no such duty on municipal police departments. See Transcript of Chief Leonard Gallo's Deposition, dated September 24, 2004, Exhibit D, pp. 20-23; Cascio Depo., Exhibit A, pp. 63-64; Compl. ¶¶ 16-17.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\LOCAL RULE 56(A)(1) STATEMENT 3-26-04.DOC

4

  18. In June and July of 2000, Frank Cosenza resided in New Haven, Connecticut. See Exhibit C.

  19. On July 20, 2000, prior to murdering the deceased, Frank Cosenza, approached the deceased during a concert on the East Haven Town Green. See Transcript of Bruce Scobie's Deposition, dated September 24, 2004, Exhibit G, pp. 22-26; Police Report Narrative, dated 7/21/00, Exhibit F, pp. 1-2.

  20. After Cosenza walked away, the deceased chose not to alert the police and refused to leave the Town Green. (Scobie Depo., Exhibit G, pp. 22-26; Exhibit F, pp. 1-2).

  21. Prior to the deceased's death, the plaintiff never complained to any government figure about the East Haven Police Department's responses to the deceased's phone calls or complaints regarding Frank Cosenza. (Smith Depo., Exhibit I, p. 45).

  22. To the plaintiff's knowledge, the deceased never complained to any government figure about the East Haven Police Department's response to her phone calls and complaints regarding Frank Cosenza. (Smith Depo., Exhibit I, p. 45).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\LOCAL RULE 56(A)(1) STATEMENT 3-26-04.DOC

5

                RESPECTFULLY SUBMITTED,
                THE DEFENDANTS


         BY: _____
             HUGH F. KEEFE, ESQ.
             52 Trumbull Street
             P.O. Box 1612
             New Haven, CT 06506
             (203) 787-0275
             Federal Bar No. ct05106


## CERTIFICATION

I hereby certify that a copy of the above was mailed on March 26, 2004 to all counsel and pro se parties of record as follows:

Rosemarie Paine, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503


                  _____
                  Hugh F. Keefe, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\LOCAL RULE 56(A)(1) STATEMENT 3-26-04.DOC

6