**FILED**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2004 MAY 20  A 10: 10

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| SANDRA SMITH,<br>As Executrix of the<br>Estate of Josephine Giaimo | :<br>:<br>: NO. 3:01 CV 1375(AHN) |
| vs. | : |
| TOWN OF EAST HAVEN<br>Individual Officers: Mike D'Amato, Badge #0430;<br>David Torello, Badge # 1750;<br>John Cascio, Badge # 0310<br>Lisa Scaramella, Badge #1580; and<br>Kevin McCarthy, Badge #1080 | :<br>:<br>:<br>:<br>:<br>: MARCH 17, 2004 |

## AMENDED COMPLAINT

### INTRODUCTION

1.  This is a case for civil rights violation and wrongful death brought pursuant to Title 42 U.S.C § 1983 and the constitution, statutes and laws of the State of Connecticut. Jurisdiction is conferred on this Court by Title 28 U.S.C. §§ 1341 and 1343; supplemental jurisdiction over the state law claims is conferred by Title 28 U.S.C. § 1387.

### PARTIES

2.  Josephine Giaimo, also known as Josie, was a citizen of the United States and a resident of East Haven, Connecticut. At the time of her death, she was estranged from her husband, Frank Cosenza, and had sought the assistance of various members of the East Haven Police Department for protection from Cosenza's escalating levels of threats, stalking and abuse.

3.     The plaintiff, Sandra Smith, is Giaimo's daughter and is the Executrix of Ms. Giaimo's estate. At all times relevant to this complaint, she was, and still is an adult citizen of the United States residing in East Haven, Connecticut. Letters of appointment were granted by the East Haven Probate Court on August 11, 2000.

4.     The Town of East Haven is a Connecticut municipality. It employs and at all relevant times supervised and directed the conduct of all the defendant East Haven Police Officers who had undertaken to administer police services in matters concerning Josephine Giaimo and her estranged husband, Frank Cosenza, and who had failed to take action protect Ms. Giaimo or to retrieve the firearms owned and possessed by Frank Cosenza.

5.     During all times mentioned in this complaint, each of the defendants: Officer Mike D'Amato, Badge #0430; Officer David Torello, Badge # 1750; Officer John Cascio, Badge # 0310Officer Lisa Scaramella, Badge #1580; and Officer Kevin McCarthy, Badge #1080 were duly appointed police officers in the Police Department of the Town of East Haven, Connecticut and were acting in their official capacities. They are sued, however, only in their individual capacities.

**FACTUAL BACKGROUND**

6.     Beginning on June 28, 2000 and lasting until her death on July 20, 2000, the East Haven Police Department, through various individual officers, had undertaken to administer police services and advice to Josephine Giaimo in matters concerning Ms. Giaimo and her estranged husband, Frank Cosenza.

7.     Specifically, in the afternoon of June 28, 2000, Josephine Giaimo reported to East Haven Police Officer Lisa Scaramella that Frank Cosenza had been making harassing phone calls to her. When Officer Scaramella interviewed Giaimo, she told her that she had been separated from Cosenza since May 2000 and she was in the process of divorcing

him. She further explained that she had to have Cosenza removed from her Crest Avenue home the previous week because of domestic problems. Since his removal, Cosenza had not only telephoned Giaimo numerous times and threatened to come to her home, but he had also been following her at least once.

8. In response to this information, Officer Scaramella advised Giaimo to call the police if Cosenza came to the house.

9. Later that evening, Officer John Cascio responded to an emergency call from Ms. Giaimo. Giaimo, in an emotionally distraught state, reported that Cosenza had just entered onto her property, peered into her back window, and then called her and proceeded to let her know what she was wearing and that her was watching her.

10. Officer Cascio then interviewed Giaimo and learned additional information about the Giaimo/Cosenza situation: Giaimo and Cosenza had been married only a short time, approximately one year. Approximately one and one-half weeks before that evening, Giaimo had Cosenza evicted from her home because of the verbal and emotional abuse inflicted on her during the course of the marriage. Since that time, Cosenza had been following Giaimo on almost daily basis. He also had left several harassing messages on her telephone answering machine and frequently reminded Giaimo that he had a legal right to carry a gun

11. In response to all this, Officer Cascio gave Giaimo advice, including that she should apply for a restraining order. He also promised her that he would warn Cosenza that he had to stay away from Giaimo. Subsequent to that time, Officer Cascio made some effort to reach Cosenza and tell him of the impending restraining order, he made no effort to interview Cosenza in person or to ascertain whether Cosenza had guns currently in his possession.

3

12. Josephine Giaimo obtained a restraining order against Cosenza on July 6th, which provided that Cosenza must stay at least 500 feet away from Giaimo at all times and further should not have any contact at all with her. Pursuant to Connecticut General Statutes § 29-36k(7), the restraining order also required that Cosenza surrender all firearms within two business days of becoming subject to the order.

13. On July 7th, a New Haven County Deputy Sheriff Frank T. Baldo reported to Officer Mike D'Amato that he had served Frank Cosenza with that restraining order. Sheriff Baldo also emphasized to the Officer that Cosenza had admitted he was currently in possession of more than one gun. Officer D'Amato was given a copy of the restraining order including the affidavit of Josephine Giaimo in which she stated that Cosenza had threatened her life on several occasions and specifically threatened to kill her if she called the police again.

14. The East Haven Police Department made no attempt to find and collect Cosenza's guns, no attempt to make further inquiry of the State Police or Josephine Giaimo of Cosenza's gun ownership, and no attempt to warn Josephine Giaimo of what they had learned. A check with the State Police would have confirmed that Cosenza was a registered owner of at least one handgun, information that had already been reported to the police by the deputy sheriff. In addition, the East Haven Police Department took no action against Cosenza after he failed to comply with the handgun restriction term of the restraining order requiring surrender of his firearms within two business days of becoming subject to the order.

15. On July 12, 2000, after receiving another complaint from Giaimo that Cosenza had followed her twice that day and confronted her for having his gun permit ordered revoked, Officer Kevin McCarthy arrested Frank Cosenza for Breach of Peace, a

misdemeanor. No attempt was made to arrest Cosenza on more serious felony level charges which were warranted by Cosenza's conduct. Further, bail was set in a low amount, which did not reflect the serious nature of Cosenza's actions and his threat to Giaimo. While McCarthy had Cosenza in police custody, Officer David Torello took physical possession of his gun permit. However, neither Torello nor McCarthy ever made any attempt to inquire or confiscate any of Cosenza's guns, including a 9mm handgun owned by him, despite knowledge that Cosenza had threatened to kill Giaimo and had more than one firearm to carry out his threat.

16. In the days following, the East Haven Police Department failed to take any action to confiscate the firearms possessed by Frank Cosenza

17. On July 20, 2000, Frank Cosenza took his 9mm handgun and shot Josephine Giaimo in the back of the head at close range. She was instantly killed.

**Constitutional Violations/Federal Claims**

18. Prior to and including July 20, 2000, the Town of East Haven developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in East Haven, which caused the violation of Josephine Giaimo's rights.

19. These policies and customs included:

a. the Town gave its officers no training as to proper procedure as to follow up on the handgun restriction on restraining orders.

b. the Town's policy as to enforcing the handgun restrictions on those served with restraining orders was unreasonable and unconstitutional.

**State Claims**

20. The defendant officers knew Josephine Giaimo was a person in danger of imminent harm from Frank Cosenza, and as such had a duty to protect her.

5

21.  The defendant officers failed to take appropriate action to protect Ms. Giaimo, when in the exercise of reasonable care, they should have done so.

22.  Pursuant to Connecticut General Statutes § 7-465, as amended, notice of intention to commence an action against the Town of East Haven, the East Haven Police department and several of its officers based upon the following claim has been served in a timely fashion.

23.  Pursuant to Connecticut General Statutes § 7-465, the Town of East Haven is liable for the actions of its employees.

24.  Pursuant to Connecticut General Statutes § 52-557n, the Town of East Haven is liable to plaintiff for the negligent acts or omissions of its employees and agents.

**Damages**

25.  As a direct and proximate result of the actions and omissions of the defendants, Josephine Giaimo suffered the following injuries and damages:

    a. Loss of her life;

    b. Loss of her ability to enjoy life's activities.

26.  The conduct of the defendants was reckless and wanton, meriting an award of exemplary damages.

WHEREFORE, the plaintiff requests that this Court award the following relief:

1.  Compensatory damages;

2.  Exemplary damages;

3.  Costs, including reasonable attorneys' fees; and

4.  Such other and further relief as may appear just to the court.

THE PLAINTIFF

By: _____
Howard A. Jacobs (ct04141)
Rosemarie Paine (ct15694)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, CT 06503
Telephone No.: 203-772-3100
Facsimile No.: 203-772-1691
e-mail: rpaine@jacobslaw.com

The plaintiff claims trial by jury.