UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA SMITH, : | |
| As Executrix of the | |
| Estate of Josephine Giaimo | : NO. 3:01 CV 1375(AHN) |
| vs. | : |
| TOWN OF EAST HAVEN | : |
| Individual Officers: Mike D'Amato, Badge #0430; | : |
| David Torello, Badge # 1750; | : |
| John Cascio, Badge # 0310 | : |
| Lisa Scaramella, Badge #1580; and | : |
| Kevin McCarthy, Badge #1080 | : MAY 21, 2004 |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**

Pursuant to L.Civ.R. 56(a)(2), plaintiff submits the following response to defendant's statement of facts not in dispute, and submits her statement of Disputed Issues of Material Fact, in support of her opposition to defendants' Motion for Summary Judgment.[1]

    I.    **RESPONSE TO DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT**

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Denied insofar as defendants claim Mrs. Giaimo "evicted" Mr. Cosenza from her home. Evicted is a term of art, and the deposition testimony cited to

---

[1] All referenced exhibits are appended to plaintiff's Opposition to Defendant's Motion for Summary Judgment dated May 21, 2004.

support defendants' factual claim merely states Mr. Cosenza was removed from the home because he wouldn't leave voluntarily.  (Smith Dep. at 34-36) (Defs.' Exhibit I).

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied insofar as defendants claim Officer Scaramella "investigated" Mrs. Giaimo's June 28, 2000 complaint because Officer Scaramella testified that she completed no further investigation on the complaint other than completing a report.  (Scaramella-Nubig Dep. at 25-26) (Exhibit D).

9. Admitted.

10. Admitted.

11. Plaintiff does not dispute that Officer Cascio gave Mrs. Giaimo his personal phone number, however the deposition testimony defendants cite in support shows that Officer Cascio did not give her that number on the evening of June 28, 2000, but sometime thereafter.  (Cascio Dep. at 51-52) (Exhibit G).

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied. The East Haven Police Department failed to confiscate Mr. Cosenza's guns because it lacked any policy and procedure in place for handling domestic violence incidents generally, or for confiscating guns pursuant to restraining orders, in particular. (Gallo Dep. at 17-23) (Exhibit H). Although Chief Gallo, one of the policy makers for the East Haven Police Department, believed the policy and procedure at the time was provided on the back of the restraining order, (Gallo Dep. at 20-21) (Exhibit H), Officer Cascio indicated there were policy choices facing East Haven officers. He testified that, at the relevant time, an officer could allow the State Police to handle the confiscation, or if the officer believed someone was in danger of imminent harm, the guns could be taken away – even without a restraining order: " . . . we have always taken guns from people. I mean it's not like we have to wait for a restraining order to come out." (Cascio Dep. at 64-65) (Exhibit G). At the time, the East Haven Police Department allowed an individual officer to choose whether or not to investigate further -- no policy existed to facilitate this choice. Chief Gallo opined that nothing prevented an officer from doing an investigation to see whether an individual subject to a restraining order surrendered his guns, that is, an individual officer would be allowed to investigate further if he or she chose to do so. (Gallo Dep. at 23; 45) (Exhibit H).
18. Admitted.

19. Although defendants support this factual allegation with hearsay, (Officer Scobie was not present on the East Haven Town Green on July 20, 2000), plaintiff does not dispute that Mr. Cosenza approached Mrs. Giaimo prior to shooting her.

20. Plaintiff admits that Mrs. Giaimo did not leave the Town Green or alert the police after Mr. Cosenza initially approached her.  Mrs. Giaimo had an established history of removing herself from situations involving Mr. Cosenza when she feared for her safety.  (Joanne Giaimo Dep. At 16) (Exhibit C); (7/12/00 Police Report) (Exhibit M).  Thus, there is a factual dispute as to whether Mrs. Giaimo did not leave the Town Green because she felt protected by the East Haven Police Department, through the actions of Officer Cascio.  By his own admission, Officer Cascio went above and beyond for Mrs. Giaimo.  (Cascio Dep. at 53) (Exhibit G). He encouraged her to obtain a restraining order, sought out and called Mr. Cosenza while off-duty, and maintained constant phone contact with Mrs. Giaimo – even giving her his personal cell phone number.  (Cascio Dep. at 45-52; 57-58 ) (Exhibit G). Moreover, once Mrs. Giaimo obtained the restraining order, and Mr. Cosenza violated it, Officer Cascio went to the Victim Advocate's Office at the New Haven Superior Court – again on his own time -- to ensure Mr. Cosenza was treated appropriately.  (Cascio Dep. at 75-77) (Exhibit G). Officer Cascio communicated his actions to Mrs. Giaimo, so that she was aware of his

4

    attempts to protect her.  (Cascio Dep. at 57-58) (Exhibit G). Officer Cascio made no attempt to confiscate Mr. Cosenza's guns after the restraining order entered, despite his knowledge of their existence and of Mrs. Giaimo's fear Mr. Cosenza would use those guns against her.  (Cascio Dep. at 57-58) (Exhibit G).   Notwithstanding this, however, Officer Cascio assured Mrs. Giaimo that obtaining a restraining order meant Mr. Cosenza's guns and gun permit would be taken away.  (Cascio Dep. at 47-48) (Exhibit G).

21. Plaintiff admits that prior to Mrs. Giaimo's death she did not complain to a government figure about the East Haven Police Department's responses to her mother's phone calls or complaints regarding Frank Cosenza.  However, a factual dispute exists as to whether plaintiff did not complain because Officer Cascio's actions gave rise to a mistaken belief by her mother that the East Haven Police Department was protecting her -- and had removed Mr. Cosenza's guns.  See Cascio Deposition Testimony cited in support of plaintiff's response to defendants' No. 20.

22. Plaintiff admits that prior to her death Mrs. Giaimo did not complain to a government figure about the East Haven Police Department's responses to her phone calls or complaints regarding Frank Cosenza.  However, a factual dispute exists as to whether Mrs. Giaimo did not complain because Officer Cascio's actions gave rise to a mistaken belief that the East Haven Police Department was protecting her -- and had removed Mr. Cosenza's guns.  See

Cascio Deposition Testimony cited in support of plaintiff's response to defendants' No. 20.

## II. DISPUTED ISSUES OF MATERIAL FACT

1. A disputed issue of material fact exists as to whether a reasonable jury could conclude that the East Haven Police Department, and its individual officers, had a special relationship with Mrs. Giaimo resulting from Officer Cascio's actions toward -- and representations to -- her. By his own admission, Officer Cascio went above and beyond for Mrs. Giaimo. (Cascio Dep. at 53) (Exhibit G). He encouraged her to obtain a restraining order, sought out and called Mr. Cosenza while off-duty, maintained constant phone contact with Mrs. Giaimo – even giving her his personal cell phone number. (Cascio Dep. at 45-52; 57-58 ) (Exhibit G). Moreover, once Mrs. Giaimo obtained the restraining order, and Mr. Cosenza violated it, Officer Cascio went to the Victim Advocate's Office at the New Haven Superior Court – again on his own time -- to ensure Mr. Cosenza was treated appropriately. (Cascio Dep. at 75-77) (Exhibit G). Officer Cascio communicated his actions to Mrs. Giaimo, so that she was aware of his attempts to protect her. (Cascio Dep. at 57-58) (Exhibit G). Officer Cascio made no attempt to confiscate Mr. Cosenza's guns after the restraining order entered,

       despite his knowledge of their existence and of Mrs. Giaimo's fear Mr. Cosenza would use those guns against her. (Cascio Dep. at 57-58) (Exhibit G). Notwithstanding this, however, Officer Cascio assured Mrs. Giaimo that obtaining a restraining order meant Mr. Cosenza's guns and gun permit would be taken away. (Cascio Dep. at 47-48) (Exhibit G).

2. A disputed issue of material fact exists as to whether a reasonable jury could conclude that, as a result of this special relationship, Mrs. Giaimo was more vulnerable because she labored under a false sense of security, failing to take precautions in reliance on the actions of Officer Cascio and the Department. Mrs. Giaimo had an established history of removing herself from situations involving Mr. Cosenza when she feared for her safety. (Joanne Giaimo Dep. At 16) (Exhibit C); (7/12/00 Police Report Narrative) (Exhibit M). Thus, there is a factual dispute as to whether Mrs. Giaimo did not leave the Town Green because she felt protected by the East Haven Police Department, through the actions of Officer Cascio which are factually detailed and supported in plaintiff's No. 1.

3. A disputed issue of material fact exists as to whether a reasonable jury could conclude that, as a result of this special relationship, the defendant officers had a reasonable belief they were not obligated to

protect Mrs. Giaimo.  Whether the officers has a reasonable belief they were not obligated to protect her depends on whether they believed a special relationship existed with her through the actions of Officer Cascio.  A reasonable jury could rely on the following facts to establish a special relationship: By his own admission, Officer Cascio went above and beyond for Mrs. Giaimo.  (Cascio Dep. at 53) (Exhibit G). He encouraged her to obtain a restraining order, sought out and called Mr. Cosenza while off-duty, maintained constant phone contact with Mrs. Giaimo – even giving her his personal cell phone number. (Cascio Dep. at 45-52; 57-58 ) (Exhibit G). Moreover, once Mrs. Giaimo obtained the restraining order, and Mr. Cosenza violated it, Officer Cascio went to the Victim Advocate's Office at the New Haven Superior Court – again on his own time -- to ensure Mr. Cosenza was treated appropriately.  (Cascio Dep. at 75-77) (Exhibit G). Officer Cascio communicated his actions to Mrs. Giaimo, so that she was aware of his attempts to protect her.  (Cascio Dep. at 57-58) (Exhibit G). Officer Cascio made no attempt to confiscate Mr. Cosenza's guns after the restraining order entered, despite his knowledge of their existence and of Mrs. Giaimo's fear Mr. Cosenza would use those guns against her.  (Cascio Dep. at 57-58) (Exhibit G). Notwithstanding this, however, Officer Cascio assured Mrs. Giaimo

|   |   |
|---|---|
|   | that obtaining a restraining order meant Mr. Cosenza's guns and gun permit would be taken away.  (Cascio Dep. at 47-48) (Exhibit G). |
| 4. | A disputed issue of material fact exists as to whether a reasonable jury could conclude that the Town of East Haven police policy makers failed to train their police officers to confront the difficult choice presented by domestic violence situations involving firearms, namely, whether and under what circumstances to continue their investigations and retrieve the firearms.  The East Haven Police Department had no policy and procedure in place for handling domestic violence incidents generally, or for confiscating guns pursuant to restraining orders, in particular.  (Gallo Dep. at 17-23)  (Exhibit H).  Chief Gallo, one of the policy makers for the East Haven Police Department, believed the policy and procedure at the time was provided on the back of the restraining order.  (Gallo Dep. at 20-21)  (Exhibit H).  Officer Cascio, however, indicated there were policy choices facing East Haven officers.  He testified that, at the relevant time, an officer could allow the State Police to handle the confiscation, or if the officer believed someone was in danger of imminent harm, the guns could be taken away – even without a restraining order:  " . . . we have always taken guns from people.  I mean it's not like we have to wait for a restraining order to come out." (Cascio Dep. at 64-65) (Exhibit G).  At the time, |

the East Haven Police Department allowed an individual officer to choose whether or not to investigate further -- no policy existed to facilitate this choice. Chief Gallo opined that nothing prevented an officer from doing an investigation to see whether an individual subject to a restraining order surrendered his guns, that is, an individual officer would be allowed to investigate further if he or she chose to do so. (Gallo Dep. at 23; 45) (Exhibit H).

5. A disputed issue of material fact exists as to whether a reasonable jury could conclude that such training would have made the officers' choice less difficult. (Cascio Dep. at 64-65) (Exhibit G); (Gallo Dep. at 23; 45) (Exhibit H).

6. A disputed issue of material fact exists as to whether a reasonable jury could conclude that Mrs. Giaimo was an identifiable person subject to imminent harm. The East Haven Police Department, through its individual officers, Cascio, Scaramella, Torello, McCarthy and D'Amato, knew that Mrs. Giaimo was being actively harassed and threatened by Mr. Cosenza. They likewise knew from Mrs. Giaimo and from Marshal Baldo that Mr. Cosenza possessed guns. They further knew from Mrs. Giaimo's restraining order affidavit that Mr. Cosenza had threatened to kill her if she called the police again. Thus, a factual issue exists as to whether the defendants had specific notice of the

threatening behavior and knew, or should have known, of the imminent threat to Mrs. Giaimo from Mr. Cosenza's possession of guns. (Scaramella-Nubig Dep. at 19-24) (Exhibit D); (6/28/00 Police Report Narrative) (Exhibit E); (6/28/00 Police Report (evening) Narrative) (Exhibit F); (July 12, 2004 Police Report) (Exhibit M); (Restraining Order) (Exhibit I); (Baldo Affidavit at ¶¶ 6-11; and Attachment) (Exhibit J).

THE PLAINTIFF

By: \_\_\_\_/s/ *Rosemarie Paine*_____
    Rosemarie Paine (ct15694)
    JACOBS, GRUDBERG, BELT & DOW, P.C.
    350 Orange Street
    New Haven, CT 06503
    Telephone No.: 203-772-3100
    Facsimile No.: 203-772-1691
    e-mail: rpaine@jacobslaw.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid this 21st day of May 2004 to:

Hugh Keefe, Esquire
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
New Haven, CT 06506


          *Rosemarie Paine*
          Rosemarie Paine