# EXHIBIT H

Case 3:01-cv-01375-AHN    Document 37-6    Filed 05/21/2004    Page 1 of 15

```
                                                                    1

 1    UNITED STATES DISTRICT COURT

 2    DISTRICT OF CONNECTICUT

 3

 4
      ---------------------------x
 5
      SANDRA SMITH, As
 6    Executrix of the Estate
      of Josephine Giaimo,              :        ORIGINAL
 7
                    Plaintiffs,         :
 8
           -versus-                     : No. 3:01 CV 1375(AHN)
 9
      TOWN OF EAST HAVEN
10    Individual Officers:   Mike
      D'Amato, Badge #0430;
11    David Torello, Badge
      #1750; John Cascio, Badge
12    #0310; Lisa Scaramella,
      Badge #1580; and Kevin
13    McCarthy, Badge #1080,      :

14              Defendants.        :

15    ---------------------------x

16

17              Deposition of CHIEF LEONARD GALLO,

18    taken pursuant to Federal Rules of Civil Procedure, at

19    the law offices of Jacobs, Grudberg, Belt & Dow, P.C.,

20    New Haven, Connecticut, before Jacqueline McCauley,

21    RPR/CSR, a Notary Public in and for the State of

22    Connecticut, on September 24, 2003, at 2:05 p.m.

23

24

25

                     SANDERS, GALE & RUSSELL
                        (203) 624-4157
```

1  you please explain to me the difference?
2      A.  Domestic violence, reoccurring situation
3  in the household, continual physical assault.
4      Q.  And what about domestic incident?
5      A.  Domestic incidents could be verbal,
6  talking poorly to each other over the phone or
7  different forms of harassment.
8      Q.  What about threats?  Where do --
9      A.  Threats fit somewhere in the middle I
10 would imagine.
11     Q.  Okay.
12     A.  I mean, it's tough to say without the
13 elements of the investigation and generally speaking,
14 I could say that, I mean, when you change certain
15 facts, you obviously change the case.
16     Q.  Okay.  And has that changed after July of
17 2000?
18     A.  You're speaking specifically about the
19 incident we're here for?
20     Q.  No.  Actually what I'm speaking about
21 is -- I first asked you about policies and procedures
22 with respect to domestic violence and I believe you
23 indicated that there is no specific written directive.
24 Your directives are state law and officer training?
25     A.  That's correct.

1	Q.	Now I want to know whether that had
2	changed after July of 2000.
3	A.	When the state law changed.
4	Q.	And tell me when that change occurred.
5	A.	I don't know if I can give you that exact
6	date.
7	Q.	Okay.
8	A.	But the changes were made.
9	Q.	Okay. When the state law changed, did
10	there then become any written policy or directive
11	produced by your department?
12	A.	You mean just on what? State law and
13	domestic law? Just on domestic law?
14	Q.	Right.
15	A.	I am not familiar with any policy or
16	directive that changed just on domestic law or policy
17	directive at this point, no.
18	Q.	Okay.
19	A.	The state law mandates what you can and
20	cannot do and with the strengthening of the new state
21	law obviously the new training takes place and police
22	officers can execute more and more policy and more
23	strength with the law.
24	Q.	Okay. What then was the policy and
25	procedure for handling a domestic violence case prior,

```
 1   in July and anytime prior?
 2        A.   State law.
 3        Q.   So what do you mean by that?  In other
 4   words, give me a practical example of your, an officer
 5   --
 6        A.   That would be very hard.
 7        Q.   -- at the East Haven officer gets a
 8   domestic violence call.  Just ...
 9        A.   That would be so hard.  Again, I mean,
10   that's very hard to say.  It's very hard to say.  The
11   state law governs domestic incidents, domestic
12   violence.  If it's a threatening or something
13   different, then that's a different law.  It's a
14   different threatening law.  One could be a
15   misdemeanor.  One could be a felony.  Domestic
16   incident, domestic violence, one could be a
17   misdemeanor and one could be a felony.  It all depends
18   on what you're dealing with and how you're dealing
19   with it, but the state laws that govern for each and
20   every particular category are all governed by what is
21   trained and what is, what we should enforce as police
22   officers under the guidance and auspices of state law.
23        Q.   If a crime has occurred and there is
24   evidence of that crime, your officer has a duty to
25   make an arrest?
```

```
 1              MS. FOURNIER:  Objection to the
 2   form.
 3        Q.   You can answer.
 4        A.   Well, we're duty bound to investigate any
 5   bona fide complaint and if there is evidence of a
 6   crime that have taken place, obviously we will do
 7   everything in our power to protect and detect the
 8   offenders and so on.
 9        Q.   I have a similar question with respect to
10   the handling of restraining orders.  First I'm going
11   to ask you whether there is any specific written
12   policy and procedure for the Department of East Haven
13   other than the Connecticut state laws.
14        A.   Uh-huh.
15        Q.   Is that a yes?
16        A.   Oh.  I'm sorry.  I'm so sorry.
17        Q.   That's okay.
18        A.   Yes.  I mean, it's governed by the state
19   mandates and, I mean, I know you're familiar with
20   them.  They are strictly written down on the orders
21   what you can and what you cannot do.  The parameters
22   are completely written out for you on how you should
23   and should not handle these situations.
24        Q.   Okay.  And with respect to the handgun or
25   gun confiscation as a result of restraining orders.
```

```
 1   Can you tell me whether there was any policy and
 2   procedure in effect from July, 2000 and prior to that
 3   time?
 4        A.   Prior to July of 2000?
 5        Q.   Right.
 6        A.   I believe it's written completely on the
 7   back of the order and on the back of the restraining
 8   order it says what you cannot do and what you can do
 9   and at that point in time I believe that it was the
10   responsibility, I believe, of the individual who
11   possessed the weapons to turn them in or to turn them
12   into a second party or an unaffiliated party or to the
13   Connecticut State Police.
14        Q.   And what if an individual refused to turn
15   their handguns in within the prescribed time period?
16   What would then happen?
17        A.   I believe ... I don't know if there was
18   much that could have been done at that point.  The
19   incidents and you speak of these incidents in general?
20        Q.   Right.  This is just general conversation.
21        A.   The individual who is given the order to
22   turn in a weapon and I might add it only included
23   pistols not shotguns or long guns.  So if an
24   individual had a weapon that was ordered to turn it
25   in, the individual had his own responsibility or her
```

```
 1   own responsibility to turn them into a third party,
 2   Connecticut State Police, unaffiliated party.  Whether
 3   he or she did would not be known to the police.
 4        Q.   And would anything prevent a member of the
 5   police department from checking or verifying whether
 6   an individual had complied with the law?
 7             MS. FOURNIER:  Objection to the
 8   form.
 9        A.   Maybe not prevent.  I don't think you
10   could have prevented those types of things, because
11   the individual's responsible for turning in the
12   weapons and at that point in time the police were not
13   obligated to take these weapons into custody and there
14   was no way to actually know whether an individual did
15   or did not and you could not force these individuals
16   at that point. What would happen, if I'm allowed to go
17   on?
18        Q.   Yes, please.
19        A.   What would happen is that the individual
20   may have his gun permit revoked, but there is no gun
21   permit required for an individual to keep a weapon in
22   their home. If he were caught after the gun permit
23   were turned in, which was the law at the time, then he
24   could be charged with carrying a pistol without a
25   permit.
```

Case 3:01-cv-01375-AHN   Document 37-6   Filed 05/21/2004   Page 9 of 15

23

```
 1          Q.   Okay.  So it would be a violation of the
 2    law?
 3          A.   If you were caught with the weapon after
 4    your permit was revoked.
 5          Q.   Okay.  And my question is would anything
 6    have prevented at that time a member of your force
 7    from doing an investigation to see whether that
 8    individual had complied with the law?
 9               MS. FOURNIER:  Objection to the
10    form.
11          A.   Well, there may not have been anything to
12    prevent it.
13          Q.   I'm not sure -- what do you mean by not
14    anything to prevent it?
15          A.   Well, if the matter is investigated,
16    there's nothing to prevent here.  As far as an office
17    -- as far as a person turning in the weapon, the state
18    permits are issued and the information is filed.
19    Perhaps I am not understanding your question.  Would
20    you mind repeating it?
21          Q.   Sure.  Maybe I can give you sort of an
22    example.  An individual --
23          A.   I would like to go back to that question.
24    Could I do that?
25          Q.   Yeah, sure.  Would you like the question
```

SANDERS, GALE & RUSSELL
(203) 624-4157

```
 1        A.   We have to call the State Police.
 2        Q.   Call the State Police?
 3        A.   Yes.
 4        Q.   Back to my original question.  There would
 5   have been nothing preventing an individual police
 6   officer from calling the State Police and checking on
 7   whether someone had a gun permit issued to them?
 8        A.   Maybe hours.
 9        Q.   Meaning?
10        A.   Meaning the gun permit division works 8 to
11   4.
12        Q.   Okay.
13        A.   So if it was 10 o'clock at night, you may
14   not have that information accessible to you.
15        Q.   Okay.  But you could call the next day?
16        A.   Possibly; if you were on duty.
17        Q.   Okay.  You could ask a fellow officer to
18   check on that?
19        A.   Possibly.
20        Q.   In other words, there was an availability
21   to investigate if an individual were so inclined?
22        A.   I think to a certain degree, yes, but
23   certainly not on today's level.
24        Q.   And today's level you mean?
25        A.   It's almost instant now.
```

# EXHIBIT I



**EX PARTE RESTRAINING ORDER - RELIEF FROM ABUSE**
JD-FM-139 Rev. 11-95
C.G.S. §§ 29-28, 29-32, 29-33, 29-36k, 29-36i, 46b-15, 52-259, 53a-36, 53a-42, 53a-217c, P.A. 95-133

**STATE OF CONNECTICUT SUPERIOR COURT**

**INSTRUCTIONS TO CLERK**
Assign a hearing date of not later than 14 days from the date of this Order and Notice of Hearing. Provide the originals of the completed Application (JD-FM-137), Affidavit (JD-FM-138) and of this order (JD-FM-139), as well as two certified copies of this order to the Applicant. Send one certified copy of this order to the appropriate law enforcement agency WITHIN 48 HOURS OF ISSUANCE OF THIS ORDER. Provide one copy to the Family Division and retain one copy for the court file.

| JUDICIAL DISTRICT OF | COURT LOCATION | DOCKET NO. |
|---|---|---|
| New Haven | 235 Church Street, New Haven, CT 06510 | 438 93D |

| NAME OF APPLICANT | EX PARTE RESTRAINING ORDER ON: | NAME OF RESPONDENT |
|---|---|---|
| Josephine T. Giaimo | | Frank Cosenza |

**ON THIS DATE IT IS HEREBY ORDERED BY THE COURT:**

☒ 1. THAT THE RESPONDENT NAMED ABOVE:
  ☒ Refrain from imposing any restraint upon the person or liberty of the applicant.
  ☒ Refrain from threatening, harassing, assaulting, molesting, sexually assaulting or attacking the applicant.
  ☒ Refrain from entering the family dwelling or the dwelling of the applicant.
  Address of dwelling: 107 Crest Avenue, East Haven, CT 06513

☐ 2. THAT CUSTODY OF THE FOLLOWING MINOR CHILD(REN) WHO IS (ARE) ALSO THE CHILD(REN) OF THE RESPONDENT IS GRANTED TO THE APPLICANT:

| NAME | DATE OF BIRTH | NAME | DATE OF BIRTH |
|---|---|---|---|
| 1. | | 4. | |
| 2. | | 5. | |
| 3. | | 6. | |

☐ SUBJECT TO VISITATION RIGHTS TO THE RESPONDENT AS FOLLOWS:
☐ WITHOUT VISITATION RIGHTS TO THE RESPONDENT.

☐ 3. THAT THE RELIEF ORDERED ABOVE IN NUMBER 1 EXTEND TO:
  ☐ The child(ren) named in Number 2 above.
  ☐ Other persons (Specify name(s) and relationship(s) to the applicant) _____

☒ 4. IT IS FURTHER ORDERED: The respondent is refrained from following the applicant and is ordered to stay at least five hundred (500) feet away from the applicant and is refrained from talking to the applicant.

This order may be extended by the court beyond six months. In accordance with General Statute section 53a-107, entering or remaining in a building or any other premises in violation of this order constitutes criminal trespass in the first degree. This is a criminal offense punishable by a term of imprisonment of not more than one year, a fine of not more than two thousand dollars or both.

NOTICE: An EX PARTE order is only effective until the date of the hearing unless extended by agreement of the parties or by order of the court for good cause shown.

| SIGNED (Judge) | DATE SIGNED |
|---|---|
| (JONES) | July 6, 2000 |

**ORDER AND NOTICE OF COURT HEARING**
An Application For Relief From Abuse having been presented to the court, it is hereby ordered that a hearing be held at the Court Location shown below. The Applicant shall cause notice of the Date and Time of Hearing, a copy of the Application, Affidavit and of the Ex Parte order to be served upon the Respondent according to law NOT LESS THAN FIVE DAYS BEFORE THE DATE OF HEARING.

| DATE OF HEARING | TIME OF HEARING | COURT LOCATION |
|---|---|---|
| 7-19-00 | 9:30 A.M. | 235 Church St., New Haven |

| BY ORDER OF THE COURT | | |
|---|---|---|
| SIGNED (Assistant Clerk) | | DATE SIGNED 7-6-00 |

TO ANY PROPER OFFICER,
By authority of the State of Connecticut you are hereby commanded to serve a true and attested copy of the Application, Affidavit, Ex Parte Order and of this Order and Notice upon the Respondent according to law NOT LESS THAN FIVE DAYS BEFORE THE HEARING DATE SHOWN ABOVE.

| SIGNED (Assistant Clerk, Comm. of Sup. Court) | DATE SIGNED 7-6-00 |
|---|---|

STATE OF CONNECTICUT SUPERIOR COURT JUDICIAL DISTRICT OF NEW HAVEN AT NEW HAVEN
JUL 6 2000
CERTIFIED COPY SEAL AFFIXED
CLERK

**NOTICE TO RESPONDENT**
A hearing on the Application for Relief From Abuse has been scheduled by the court. At this hearing, the court may order relief as requested in the Application. If you wish to be heard concerning the application, you must appear in court on the date and time shown above.

**IMPORTANT - SEE HANDGUN RESTRICTIONS ON BACK**

LAW ENFORCEMENT

**NOTICE**

**HANDGUN RESTRICTIONS FOR PERSONS SUBJECT TO RESTRAINING OR PROTECTIVE ORDERS**

If you are subject to a restraining or protective order involving the use, attempted use or threatened use of physical force against another person:

1. You are not eligible to receive a permit or eligibility certificate allowing you to carry a pistol or revolver (Connecticut General Statutes Section 29-28(b)(5), 29-36f(b)(5));

2. Any permit or eligibility certificate which you now hold shall be revoked and you must surrender such permit or eligibility certificate to the authority that issued it within 5 days of being notified that it has been revoked. If you do not surrender such permit or eligibility certificate as required, you will be guilty of a class C misdemeanor which is punishable by a fine of up to five hundred dollars or imprisonment of up to three months or both (Connecticut General Statutes Sections 29-32 and 29-36i);

3. You must transfer all pistols and revolvers which you possess to a person who is eligible to possess them or surrender them to the Commissioner of Public Safety within two business days of becoming subject to such order. If you do not do so, you will be subject to a fine of up to five thousand dollars or imprisonment of up to five years or both (Connecticut General Statutes Sections 29-36k and 29-33); and

4. If you possess any pistol or revolver after you have had notice of such order and an opportunity to be heard, you will be guilty of criminal possession of a pistol or revolver. Criminal possession of a pistol or revolver is a class D felony which is punishable by a fine of up to five thousand dollars or a term of imprisonment of up to five years or both (Connecticut General Statutes Section 53a-217c(4)).

JD-FM-139 (back) Rev. 11-95

# ORDEN DE PROTECCIÓN DE VIOLENCIA DOMÉSTICA

JD-CR-58 (back/page2) Rev. 3-09
C.G.S. §§ 46b-38c(d), 53a-110b, P.A. 97-126
16 U.S.C. § 2265

## ESTADO DE CONNECTICUT
## TRIBUNAL SUPERIOR



**INSTRUCCIONES A LA SECRETARIA**
1. Preparar a maquinilla o imprimir firmemente en una superficie dura usando bolígrafo.
2. Si la orden se debe extender a la dirección(es) o hogar(es) de la víctima, incluya la dirección abajo, si está disponible.
3. Retenga copia original para el archivo de la corte y distribuya copias como sigue: AMARILLA - Copia certificada a la agencia de la policía apropiada DENTRO DE 48 HORAS DE ESTA ORDEN SER IMPUESTA; COPIA COLOR ROSA al Acusado; DORADA - Copia certificada a la víctima; VERDE - a la Unidad de Intervención de Violencia entre familia.

| NOMBRE DEL ACUSADO | DIRECCIÓN DEL ACUSADO | FECHA DE NACIMIENTO DEL ACUSADO |
|---|---|---|
| NÚMERO DE G.A. | NOMBRE Y DIRECCIÓN DEL TRIBUNAL | NÚMERO DEL CASO CR. |
| NOMBRE DE LA VÍCTIMA | DIRECCIÓN A DÓNDE ENVIAR LA CORRESPONDENCIA | |

OTRAS ÓRDENES EN VIGENCIA
☐ "X" Aquí si una orden de restricción, alivio del abuso, está en vigencia afectando alguna parte relacionada a este proceso.

## ORDEN DE PROTECCIÓN

El Tribunal, después de considerar el informe y la recomendación de la Unidad de Intervención, ordena lo siguiente:

☐ 1. Que el acusado se abstenga de imponer cualquier restricción hacia la persona o libertad de la víctima.
☐ 2. Que el acusado se abstenga de amenazar, acosar, agredir, molestar o sexualmente agredir a la víctima.
☐ 3. Que el acusado se abstenga de entrar en la residencia familiar o la residencia ocupado por la víctima.

DIRECCIÓN DE LA RESIDENCIA

☐ 4. Y el Tribunal además ordena:

Esta orden de protección se hace una condición de la fianza o de la libertad del acusado y, conforme a C.G.S § 53a-110b, cualquier violación de esta orden constituye una violación criminal de una orden de protección. En adición, conforme a C.G.S. § 53a-107, el entrar o permanecer en un edificio u otro establecimiento en violación de esta orden constituye transgresión criminal en primer grado. Estos son delitos criminales cada uno castigable con un término de reclusión de no más de un año, una multa de no más de dos mil dólares, o ambos. Violación de esta orden es también una violación de una condición de su fianza o libertad, y puede resultar en un aumento de fianza o en la revocación de la libertad.

### RESTRICCIONES DE ARMAS DE FUEGO PARA PERSONAS SUJETAS A ÓRDENES DE RESTRICCIÓN O DE PROTECCIÓN

Si usted está sujeto a una orden restricción o de protección que envuelve el uso, intento de uso o amenaza de uso de fuerza física contra otra persona:

1. Usted tiene que entregar su permiso o certificado de elegibilidad de una pistola o revólver a la autoridad que le otorgó éste dentro de los cinco (5) días de haber sido notificado de la revocación;
2. Usted tiene que transferir toda pistola y revólver que posea a una persona que sea elegible de poseerlas o entregarlas al Comisionado de Seguridad Pública dentro de dos días laborables de haber sido presentado con tal orden y;
3. Usted será culpable de posesión ilegal de una pistola o de un revólver si posee dicha arma después de haber recibido dicha notificación y de haber tenido una oportunidad de ser escuchado.

Esta orden de protección permanecerá vigente hasta la disposición final del caso criminal o hasta que se imponga una nueva orden.

Este tribunal tenía jurisdicción sobre las partes y la causa en cuestión cuando expidió esta orden de protección. Al acusado se le brindó notificación y oportunidad para ser escuchado en la audiencia donde se originó esta orden. Conforme al Acto de Violencia Contra Mujeres de 1994, 18 USC 2265, esta orden es válida y se hará cumplir en todos los cincuenta estados, cualquier territorio o posesión de los Estados Unidos, el Distrito de Columbia, el Estado Libre Asociado de Puerto Rico y Tierras Tribales.

| POR EL TRIBUNAL | (Juez, Asistente de La Secretaria) | FECHA |
|---|---|---|

## CERTIFICACIÓN

ESTADO DE CONNECTICUT
Número De G.A.                          SS.

Por esta certifico qu la presente es una copia fiel de la orden de protección en la causa aquí nombrada, según aparece grabada en los archivos. Como testigo del cual, he puesto mi mano y el sello de dicho tribunal en:

| FECHA | SECRETARIA DEL TRIBUNAL SUPERIOR |
|---|---|

**FAMILY VIOLENCE PROTECTIVE ORDER**
JD-CR-58 Rev. 3-99
C.G.S. §§ 46b-38c(d), 53a-110b, P.A. 97-126
16 U.S.C. § 2265



**STATE OF CONNECTICUT SUPERIOR COURT**



ATENCIÓN: El lenguaje impreso en este formulario ha sido traducido al español y aparece al dorso para su conveniencia. Es su responsabilidad conseguir una traducción de cualquier orden especial escrita que el Juez imponga segun escrito en el encasillado #4, y de cualquier otra parte que usted no entienda.

**INSTRUCTIONS TO CLERK**
1. Prepare on typewriter or print firmly on a hard surface with ball point pen.
2. If the order is to extend to the address(es) or dwelling(s) of the victim, include that address below, if available.
3. Distribution: Retain one copy for court file. Send certified copy to appropriate law enforcement agency WITHIN FORTY-EIGHT (48) HOURS OF ISSUANCE OF THIS ORDER, and to victim; Send copies to defendant and to Family Violence Intervention Unit.

| DEFENDANT'S NAME | DEFENDANT'S ADDRESS | DEFENDANT'S DATE OF BIRTH |
|---|---|---|
| Frank Cosenza | 315 Easton St. D-114 N.H. | 4/12/23 |

| G.A. NO. | NAME AND ADDRESS OF COURT | DOCKET NO. |
|---|---|---|
| 8 | 121 Elm St. N.H. | CR |

| NAME OF VICTIM | ADDRESS TO WHICH MAIL IS TO BE SENT |
|---|---|
| Josephine Giaimo | 107 Crest Ave. East Haven |

OTHER ORDERS IN EFFECT
☐ "X" here if a Restraining Order, Relief From Abuse, is in effect affecting any party connected with this action.

**PROTECTIVE ORDER**

The court having considered the report and recommendation of the local intervention unit hereby orders:

☒ 1. That the defendant refrain from imposing any restraint upon the person or liberty of the victim.
☒ 2. That the defendant refrain from threatening, harassing, assaulting, molesting, or sexually assaulting the victim.
☒ 3. That the defendant refrain from entering the family dwelling or the dwelling occupied by the victim.
   ADDRESS OF DWELLING: 107 Crest Ave East Haven
☒ 4. And the court further orders: NO CONTACT

This protective order is made a condition of the bail or release of the defendant and, in accordance with C.G.S. § 53a-110b, any violation of this order constitutes criminal violation of a protective order. Additionally, in accordance with C.G.S. § 53a-107, entering or remaining in a building or any other premises in violation of this order constitutes criminal trespass in the first degree. These are criminal offenses each punishable by a term of imprisonment of not more than one year, a fine of not more than two thousand dollars, or both. Violation of this order also violates a condition of your bail or release, and may result in raising the amount of bail or revoking release.

**HANDGUN RESTRICTIONS FOR PERSONS SUBJECT TO RESTRAINING OR PROTECTIVE ORDERS** – If you are subject to a restraining or protective order involving the use, attempted use or threatened use of physical force against another person:
1. You must surrender your permit or eligibility certificate for a pistol or revolver to the authority that issued it within 5 days of being notified that it has been revoked;
2. You must transfer all pistols and revolvers which you possess to a person who is eligible to possess them or surrender them to the Commissioner of Public Safety within two business days of becoming subject to such order; and
3. You will be guilty of criminal possession of a pistol or revolver, if you possess such weapon after you have had notice of such order and an opportunity to be heard.

This protective order is to remain in effect until final disposition of the criminal case or until further order of the court.

This court had jurisdiction over the parties and the subject matter when it issued this protection order. Respondent was afforded both notice and opportunity to be heard in the hearing that gave rise to this order. Pursuant to the Violence Against Women Act of 1994, 18 USC 2265, this order is valid and enforceable in all fifty states, any territory or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico and Tribal Lands.

| BY THE COURT | (Judge, Asst. Clerk) | DATE |
|---|---|---|
|  | J. Richard | 7/13/00 |

**CERTIFICATION**

STATE OF CONNECTICUT
G.A. No. _____ ss.

FOR COURT USE ONLY

I hereby certify that the foregoing is a true copy of the protective order in the herein named cause, as on file and of record appears.
In witness whereof, I have hereunto set my hand and the seal of said court on:

| DATE | CLERK OF THE SUPERIOR COURT |
|---|---|
| 7/13/00 | |