**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SANDRA SMITH | : | NO. 3:01 CV 1375(AHN) |
| As Executor of the | : | |
| Estate of Josephine Giaimo | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF EAST HAVEN | : | |
| Individual Officers: | : | |
| Mike D'Amato, Badge #0430 | : | |
| David Torello, Badge #1750 | : | |
| John Cascio, Badge #0310 | : | |
| Lisa Scaramella, Badge #1580; and | : | |
| Kevin McCarthy. Badge #1080 | : | June 25, 2004 |

**REPLY BRIEF OF THE DEFENDANTS TO THE PLAINTIFF'S OPPOSITION
TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The defendants respectfully submit this Reply Brief to address the Plaintiff's Opposition to the Defendants' Motion for Summary Judgment, dated May 21, 2004 (hereinafter *"Opposition"*).[1]

Plaintiff seemingly recognizes that, as a general rule, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Soc. Servs., 489 U.S. 189, 196 (1989)( "[O]ur cases

---

[1] The defendants sought an extension of time up to and including July 1, 2004 to file their Reply Brief.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC          - 1 -

have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual.")  She argues, therefore, that Defendants' conduct falls within one of the exceptions carved from dicta in the DeShaney decision.  See Dwares v. City of New York, 985 F.2d 94 (2d Cir. 1993) and Clarke v. Sweeney, 2004 WL 728029 (D.Conn., March 30, 2004).  Specifically, Plaintiff argues that there is a "factual question" as to whether or not the "East Haven Police Department - - through the actions of Officer Cascio" created a "special relationship" with Plaintiff's decedent, thereby bringing Plaintiff's claim within an exception to the general rule enunciated above.  In making this argument, however, Plaintiff mistakenly subsumes two separate questions:[2]  (1) whether Defendants violated a constitutional right of Plaintiff at all and (2) if so, whether Defendants are nevertheless entitled to qualified immunity.  Only the first question requires a determination of whether a "special relationship" was created.

---

[2] Plaintiff's argument on these issues is found on pages 8-13 of her Opposition.  Notably, Plaintiff claims only the conduct of Officer Cascio falls within this exception.  Accordingly, for that reason alone, summary judgment should enter in favor of Officers Torello, Scaramella and McCarthy on this claim.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC                - 2 -

**Special Relationship**

Plaintiff claims that this "special relationship" was created through the actions of Officer Cascio in advising the decedent to get a restraining order against her estranged husband so that any guns he may have would be taken away; providing decedent his personal cell phone number; going to the state's attorney on her behalf; and going "above and beyond what" he would normally do. (Opposition, p. 4) Plaintiff further claims that "a special relationship is created when the public official or government entity has increased the danger to the individual, that is, increased the individual's vulnerability."[3] (Opposition, p. 9)

Significantly, the factual underpinnings of Plaintiff's claim are not in dispute. Indeed, Defendants do not dispute any of the allegations above. Rather, Defendants dispute that such actions created a "special relationship" under DeShaney.

As an initial matter, Plaintiff completely fails to address the fact that the special relationship exception, as outlined by DeShaney, applies to persons *in the custody* of the state. DeShaney, 489 U.S. at 200 ("The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from

---

[3] It appears that the Plaintiff has again subsumed two separate inquiries. Although she refers to this exception only as the "special relationship exception," the allegations lead to the conclusion that it is actually the "state created danger" exception that she believes saves her claim. Defendants address the applicability of both exceptions.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC      - 3 -

the limitation which it has imposed on his freedom to act on his own behalf.")  It is undisputed that Plaintiff's decedent in the case at bar was <u>not</u> in the custody of the East Haven Police Department or any of its officers.

Further, in <u>Clarke</u>, *supra*, the district court provided a thorough analysis of circuit court decisions that specifically considered the special relationship exception in cases wherein an individual was not in state *custody*, but was, by virtue of some special relationship with the government, limited in freedom of movement.  <u>Clarke</u>, 2004 WL at *12-14 (discussing <u>Doe v. New York Dept. of Social Servs.</u>, 649 F.2d 134 (2d Cir. 1981)(foster children); <u>G-49 v. Degnan</u>, 745 F.Supp. 254 (D.N.J. 1990)(undercover witnesses)).   That analysis makes clear that the "special relationship" exception is entirely inapplicable to the facts of the case at bar.  Plaintiff was neither in the custody of the East Haven Police Department or any of its officers, nor was she restricted or limited in her freedom of movement in any way by Defendants.  Therefore, the special relationship exception is not applicable.  <u>DeShaney</u>, 489 U.S. at 200.

**State-Created Danger Exception**

In fact, the argument made by Plaintiff in support of her contention that Defendants' conduct falls within an exception to the general rule, sounds more like the "state created danger

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC          - 4 -

exception" than the "special relationship" exception. (Opposition, p. 9)[4] She argues that "a jury could conclude" that Officer Cascio's conduct "rendered [plaintiff's decedent] more vulnerable because she labored under a false sense of security, failing to take precautions in reliance on the actions of Officer Cascio and the Department." (Opposition, p. 9) As explained below, however, this is not sufficient to bring Plaintiff's claim within the state created danger exception.

In <u>Dwares v. City of New York</u>, 985 F.2d 94, 98-99 (2d Cir. 1993), relied on by Plaintiff, the Second Circuit stated that it "read the <u>DeShaney</u> court's analysis to imply that, though an allegation simply that police officers had failed to act upon reports of past violence would not implicate the victim's rights under the Due Process Clause, an allegation that the officers in some way had assisted in creating or increasing the danger to the victim would indeed implicate those rights." <u>Dwares</u>, 985 F.2d at 99. Again, the <u>Clarke</u> court's thorough analysis of cases considering this exception is useful. <u>Clarke</u>, 2004 WL at * 9-12. After noting that "the boundaries of the state created danger exception to <u>DeShaney</u> are not entirely clear," the court stated that it is clear that the exception "requires that the government defendant either be a

---

[4] Plaintiff claims that "a special relationship is created when the public official or government entity has increased the danger to the individual, that is, increased the individual's vulnerability."

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC                - 5 -

substantial cause of the danger . . . or at least enhance it in some way." Id. at *12. The <u>Clarke</u> court noted that in <u>Dwares</u>, the plaintiff's complaint.

> went well beyond allegations that the defendant officers merely stood by and did nothing . . .  It is alleged that the officers conspired with the skinheads to permit the latter to beat up the flag burners with relative impunity. . ..It requires no stretch to infer that such prior assurances would have increased the likelihood that the skinheads would assault demonstrators. . .. Such a prearranged official sanction of a privately inflicted injury would surely have violated the victim's rights under the Due Process Clause.

<u>Clarke</u>, 2004 WL at * 8-9 (quoting <u>Dwares</u>, 985 F.2d at 99).  The court stated that, unlike in <u>Dwares</u>, the plaintiff in <u>Clarke</u> did not allege that the officers encouraged the murderers or affirmatively permitted them to victimize the plaintiff's decedent.  Similarly, Plaintiff in the case at bar makes no allegations nor is there any evidence in the record to support a conclusion that any of Defendants permitted or affirmatively encouraged decedent's estranged husband to harm her.  Instead, Officer Cascio advised Plaintiff's decedent more than once to obtain a restraining order, to have her estranged husband arrested and to contact Officer Cascio or the police department immediately if she needed assistance.  Thus, under the standards enunciated in <u>Dwares</u> and <u>Clarke</u>, Plaintiff's claim fails.

So, too, does Plaintiff's claim fail under the four part test utilized in the Third Circuit. <u>Mark v. Borough</u>, 51 F.3d 1137 (3d Cir. 1995).  In that case, the court applied four factors: (1)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC         - 6 -

the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; and (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur.  The Mark court noted that "the cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors leaving a discrete plaintiff vulnerable to a foreseeable injury."  Id. at 1153.

If the court were to apply the Third Circuit's test to the facts in the case at bar, Defendants still would be entitled to summary judgment.  There are no allegations nor does the record contain any evidence to support a showing that any of Defendants acted with willful disregard for the safety of Plaintiff's decedent.  Indeed, the evidence is quite the opposite, as the primary basis for Plaintiff's claim of a "special relationship" is that Officer Cascio went above and beyond what he would normally do for other citizens.  Nor is there any evidence to prove that any of Defendants "used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur."  Id. at 1153.  Finally, merely advising Plaintiff to obtain a restraining order, and explaining the benefits of such an order, did not create a special

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC                - 7 -

relationship between the decedent and any of the Defendants.[5] Similarly, the Fifth Circuit has held that "the state created danger exception requires the plaintiff to demonstrate 'that the state actors increased the danger to her . . . [and] that the state actors acted with deliberate indifference.'" Clarke, 2004 WL at * 11 (quoting Pietrowski v. City of Houston, 237 F.3d 567 , 584 (5th Cir. 2001). In the case at bar, there is no claim or evidence that Defendants acted with deliberate indifference. Nor is there any evidence that the decedent was subjected to increased danger as a result of any of Defendants' actions.

Plaintiff fails to meet any of the tests applied to the "special relationship" and "state created danger" exceptions. Accordingly, the Defendants are entitled to summary judgment on Plaintiff's claim that they violated the decedent's constitutional right to due process.

## II. Qualified Immunity

Because Plaintiff cannot establish that any of the Defendants violated one of her constitutional rights, the Court does not need to even reach the issue of qualified immunity.

Should the court find that Plaintiff has set forth sufficient evidence to avoid summary

---

[5] One can only imagine the public policy ramifications that would result from a holding that a citizen is placed in a special relationship with an officer every time a police officer advises a citizen to get a restraining order or other sort of protection, thereby potentially making the officer liable in the event the citizen was harmed by a third person.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC         - 8 -

judgment on her claim that a constitutional right was violated, however, Defendants submit that they are entitled to qualified immunity for the reasons set forth in their opening brief.

### III. Monell Claim

Plaintiff has utterly failed to present any evidence in support of her <u>Monell</u> claim. In support of that claim, Plaintiff offers only the testimony of Chief Gallo and Officer Cascio, and claims that they faced a choice with respect to "restraining orders encompassing guns." (Opposition, p. 15)  This is not sufficient to avoid summary judgment.  First, plaintiff strings together testimony of Chief Gallo and Officer Cascio, taken out of context. (Opposition, p. 15) Officer Cascio merely stated that it was not necessary for a restraining order to be in place for an East Haven Police Officer to take a gun away from an individual and that, in fact, the police took guns when a third person was in <u>imminent</u> danger – a situation not applicable in the instant case. (See Exhibit G to Opposition)  Second, despite the fact that her <u>Monell</u> claim is based on *inadequate training*, Plaintiff provides no evidence whatsoever about the training or lack of training received by the East Haven Police Officers.  Third, Plaintiff offers no evidence of a <u>policy</u> or <u>custom</u> of inadequate training.  Fourth, she offers no evidence of other, similar situations. <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808, 823-23( "proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC         - 9 -

which policy can be attributed to a municipal policymaker." At a minimum, Plaintiff is required to establish all four of those elements. She has established none.

Accordingly, Plaintiff has not come forth with any evidence to support her <u>Monell</u> claim, nor has she demonstrated that a genuine issue of material fact exists that would preclude summary judgment on that claim. Therefore, the Town of East Haven is entitled to summary judgment on the <u>Monell</u> claim.

**IV. <u>Conclusion</u>**

For the reasons set forth in the Defendants' Memorandum of Law in Support of Summary Judgment, as well as the foregoing, the Defendants respectfully submit that they are entitled to summary judgment on the Plaintiff's claims.

                                            RESPECTFULLY SUBMITTED,
                                            THE DEFENDANTS

                                            BY: _____
                                                 HUGH F. KEEFE, ESQ.
                                                 52 Trumbull Street
                                                 P.O. Box 1612
                                                 New Haven, CT 06506
                                                 (203) 787-0275
                                                 Federal Bar No. ct05106

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC    - 10 -

## CERTIFICATION

I hereby certify that a copy of the above was mailed on June 25, 2004 to all counsel and pro se parties of record as follows:

Rosemarie Paine, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

_____
Hugh F. Keefe, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\REPLY BRIEF MSJ .DOC     - 11 -