FILED

2005 APR -1  P 2: 39

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA SMITH<br>As Executor of the<br>Estate of Josephine Giaimo | : NO. 3:01 CV 1375(AHN)<br>:<br>: |
| vs. | :<br>: |
| TOWN OF EAST HAVEN<br>Individual Officers:<br>Mike D'Amato, Badge #0430<br>David Torello, Badge #1750<br>John Cascio, Badge #0310<br>Lisa Scaramella, Badge #1580; and<br>Kevin McCarthy. Badge #1080 | :<br>:<br>:<br>:<br>:<br>: APRIL 1, 2005 |

## DEFENDANTS' MOTION FOR RECONSIDERATION

The Individual Defendants respectfully request the Court to reconsider its denial of their motion for summary judgment with respect to the plaintiff's state law negligence claim.

I. <u>Background</u>

The defendant, Town of East Haven, and Officers Torello, Cascio, Scaramella and McCarthy (hereinafter "Individual Defendants") moved for summary judgment on the plaintiff's complaint. By Memorandum dated March 22, 2005, this Court granted the defendants' Motion for Summary Judgment with respect to the plaintiff's substantive due process and <u>Monell</u> claims, but denied the motion with respect to the plaintiff's state law negligence claim. In denying the motion with respect to the state law claim, this Court held that "it should be left to a jury to

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

decide whether [the plaintiff] was an identifiable victim subject to imminent harm . . . ." The defendants respectfully submit that the Court's holding with respect to the Monell claim makes clear that the imminent harm exception is not applicable, because the defendants cannot be found to have "failed to act." In addition, the defendants submit that there is no evidence of some of the factual findings made in that portion of the decision.

II. Argument

The plaintiff does not dispute that the conduct of the Individual Defendants was discretionary and, therefore, that these defendants are entitled to immunity unless the identifiable victim/imminent harm exception applies under the circumstances. Se Pl.'s Brief in Opposition, p. 16. The identifiable victim/imminent harm exception has been applied by the Connecticut courts only where the potential for harm is limited in duration and geography. Further, the exception is applicable only when circumstances make it apparent to an officer that his or her *failure to act* would be likely to subject an identifiable person to imminent harm. The plaintiff alleges that the Individual Defendants failed to act when they failed to confiscate guns possessed by Frank Coscenza.

This Court's decision granting the defendants' motion for summary judgment on the Monell claim, however, plainly negates plaintiff's argument. Indeed, this Court held that

> the evidence shows that the Individual Defendants did not have any choice with regard to confiscating Cosenza's guns . . . . The record further establishes that, at

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

> the time of the underlying incident, there was no statewide protocol or enforcement mechanism to insure that firearms were confiscated from subjects of domestic abuse . . . . [B]ecause the Town police were not authorized or even required to confiscate guns from the subject of a domestic violence restraining order such as Cosenza who was a New Haven resident and thus outside their jurisdiction, the Individual Defendants did not have any decision to make as to whether they should take away Cosenza's guns.

See Ruling on Defendants' Motion for Summary Judgment, pp. 15-16.

The evidence presented in support of the defendants' summary judgment motion clearly shows that it was Officer Cascio who *convinced* the decedent to apply for and obtain a restraining order and that he gave her individualized attention above and beyond his required duty. Officer Torello then arrested Cosenza pursuant to that restraining order and Cosenza's gun permit was confiscated as required. The officers "were not authorized or even required to confiscate guns" from Cosenza. *See id.*[1]  Thus, it should not be left to a jury to determine whether the defendant officers failed to act when their only alleged failure has been recognized by this Court not to be a failure at all.

Further, the defendants respectfully disagree with the Court's findings concerning Officers Torello, McCarthy and Cascio.[2] Specifically, this Court found that those officers "knew

---

[1] Recall also that the decedent was aware that Cosenza was present on the Town Green with her the night she was murdered, but she declined to notify any of the police officers who were there and told her friend that she was fine and did not want to leave. See Exhibit G to Defendants' Mem. in Support of Motion for Summary Judgment.

[2] No specific findings were made with respect to Officer Scaramella. Indeed, her one and only contact with the Giaimo was the department's first contact with Giaimo, at which time she reported that her husband had been out of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

that (1) Giaimo had made two reports of domestic abuse by Cosenza, (2) Cosenza had guns, (3) Cosenza had threatened to kill Giamo, (4) there was a restraining order against Cosenza, (5) Cosenza had been arrested for violating the restraining order, and (6) Town officers had not confiscated Cosenza's firearms." *See* Ruling on Defendants' Motion for Summary Judgment, p. 20. No evidence was presented, and indeed, none exists, that any of the Individual Officers "knew that (3) Cosenza had threatened to kill Giamo," because, in fact, he had not. Giaimo expressly told Officer Cascio that Cosenza had never physically threatened her, that he never hit her and that he never threatened to shoot her or use a gun on her. *See* Deposition of Officer John Cascio, pp. 34-38, attached as Exhibit A; see also, Exhibit B, Affidavit of Officer John Cascio. She also advised him that she was not even sure Cosenza had any guns, but she just assumed so because he spoke about his gun permit. *Id.*

Moreover, Officer McCarthy happened to be present at the police station the evening Cosenza turned himself in, at which time Officer McCarthy booked and fingerprinted Cosenza. See Exhibit C, Affidavit of Kevin McCarthy. While he knew at that time that Cosenza was being arrested for violating a restraining order, and therefore knew that "(4) there was a restraining order against Cosenza [and that] (5) Cosenza had been arrested for violating the

---

the house for about a week, left her a telephone message and she did not want the EHPD to do anything about it. Thus, at a minimum, summary judgment should be granted in favor of Officer Scaramella.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

restraining order," he was not aware that[3] "(2) Cosenza had guns, (3) Cosenza had threatened to kill Giaimo . . . or that (6) Town officers had not confiscated Cosenza's firearms." *Id.*

Officer Torello's first and only contact with the decedent was on the date that she complained Cosenza violated the restraining order. *See* Exhibit D, Affidavit of Officer David Torello. Officer Torello spoke with her and she did <u>not</u> tell him anything about threats from Cosenza or that Cosenza had guns. *Id.* Rather, she showed him the face sheet of the restraining order and advised Torello that Cosenza had twice come within her vicinity on that day. Torello called Cosenza, asked him to turn himself in, and Cosenza did. Torello was not aware that "(1) Giaimo had made two reports of domestic abuse by Cosenza, (2) Cosenza had guns, (3) Cosenza had threatened to kill Giaimo . . . or that (6) Town officers had not confiscated Cosenza's firearms." *Id.*

Finally, with respect to Officer Cascio, who had the most contact with and knew the most about Giaimo's relationship with Cosenza, knew only that Cosenza had never threatened to harm, shoot or kill Giaimo and Cosenza had never hit Giaimo. *See* Exhibit B. Further, Cascio knew that Giaimo had obtained a restraining order, pursuant to which the *state* was required to confiscate Cosenza's guns, assuming he had any. *Id.* Cascio not only convinced the decedent to obtain a restraining order, but he also later convinced her to have Cosenza arrested for violating

---

[3] Assuming for purposes of this argument that these factors are true.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

that restraining order and he went – off duty – to the court house in an effort to ensure that Cosenza was dealt with firmly by the court. The foregoing facts are not issues in dispute, as plaintiff offered no evidence whatsoever to the contrary.

Each Individual Defendant is entitled to immunity unless the plaintiff proves with respect to that individual officer that he or she is not entitled to immunity because the identifiable victim/imminent harm exception applies with respect to <u>that</u> officer's actions or omissions. Certainly, the plaintiff offered no such evidence with respect to Officer Scaramella. Nor did she offer any evidence with respect to Officer McCarthy. Officer Cascio, who was most familiar with the underlying circumstances, went above and beyond the call of duty in this case and the information he did have - - that the decedent was never physically harmed or threatened and that the decedent was the subject of a restraining order pursuant to which he should have turned over his guns to the state - - could not lead a reasonable jury to conclude that he failed to act or that such failure placed an identifiable victim in imminent harm. Similarly, Officer Torello arrested Cosenza after Cosenza willingly turned himself in to police and handed over his gun permit.

Therefore, the defendants respectfully submit that, pursuant to the evidence presented, a reasonable jury <u>could not</u> find that the defendants' failure to act –i.e., failure to confiscate Cosenza's gun, subjected an imminent person to imminent harm. Rather, this issue is one of law for the Court to decide.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

III. Conclusion

Accordingly, the defendants respectfully request that the Court reconsider its denial of the defendants' Motion for Summary Judgment with respect to the plaintiff's state law negligence claim and grant immunity to the Individual Defendants.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS

BY: _____
NICOLE FOURNIER GELSTON, ESQ.
Federal Bar no. ct18555
HUGH F. KEEFE, ESQ.
Federal Bar No. ct05106
Lynch, Traub, Keefe & Errante, PC
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
(203) 787-0275
(203) 782-0278 Fax

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC

## CERTIFICATION

I hereby certify that a copy of the above was mailed on April 1, 2005 to all counsel and pro se parties of record as follows:

Howard A. Jacobs (ct04141)
Rosemarie Paine (ct15694)
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, CT 06503

*Hugh F. Keefe, Esq.*

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\GIAIMO\MOTION FOR RECONSIDERATION.DOC