UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA SMITH,                          :
as Executrix of the                    :
Estate of Josephine Giaimo,            :
                                       :
       Plaintiff,                  :
                                       :
       v.                          :
                                       :   CIVIL NO. 3:01cv1375(AHN)
TOWN OF EAST HAVEN,                    :
OFFICER MIKE D'AMATO,                  :
OFFICER DAVID TORELLO,                 :
OFFICER JOHN CASCIO,                   :
OFFICER LISA SCARAMELLA, and           :
OFFICER KEVIN McCARTHY,                :
                                       :
       Defendants.                 :

### RULING ON MOTION FOR RECONSIDERATION

    Pending before the court is a motion by the defendants, the Town of East Haven (the "Town") and five officers of the town police department: Mike D'Amato ("D'Amato"), David Torello ("Torello"), John Cascio ("Cascio"), Lisa Scaramella ("Scaramella"), and Kevin McCarthy ("McCarthy") (the "Individual Defendants"), for reconsideration of the court's March 22, 2005, ruling denying their motion for summary judgement on the plaintiff's, Sandra Smith's ("Smith") state law negligence claim. Previously, in its summary judgment ruling, the court held that whether the decedent, Josephine Giaimo ("Giaimo") was an identifiable victim subject to imminent harm presented a triable issue of fact and denied summary judgment. For the following reasons, the motion for reconsideration [doc. #46] is granted. Upon reconsideration, the court adheres to its ruling dated March

22, 2005 [doc. #44].

## STANDARD

The Second Circuit has held that a motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the Court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." Id. There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

## DISCUSSION

In the instant case, the defendants do not move for reconsideration based on an intervening change in controlling law, nor do they proffer newly discovered evidence. Rather, defendants argue that the court's ruling on the Monell claim precludes its ruling on the state-law negligence claim and further argue that the factual record does not support the denial of summary judgment as to the individual officers on the state law claim. Neither argument is availing.

There is no merit to the defendants' argument that the

court's grant of summary judgment on the <u>Monell</u> claim requires the court to also grant summary judgment on the negligence claim. While the court's grant of summary judgment on the <u>Monell</u> claim turned on the court's conclusion that the Town officers had no authority or duty to confiscate guns from the subject of a domestic violence restraining order, liability on the negligence claim is not limited to whether the defendants had authority or a duty to confiscate Cosenza's guns. Liability on the negligence claim turns on whether a defendant's failure to act would likely subject an identifiable person subject to imminent harm from a dangerous condition limited both in duration and geography. <u>See</u> <u>Purzycki v. Fairfield</u>, 244 Conn. 101, 108 (1998); <u>Burns v. Board of Educ. of Stamford</u>, 228 Conn. 640, 650 (1994). The defendants present no basis for reconsideration on this claim.

Also unavailing is the defendants' argument that the court's conclusions are not supported by the record. In its ruling, the court, based on the record before it, noted that the Individual Defendants knew, <u>inter</u> <u>alia</u>, that Cosenza threatened to kill Giaimo. While the defendants now submit the affidavits of Officer John Cascio, Officer Kevin McCarthy, and Officer David Torello to show that Giaimo never told them that Cosenza threatened to shoot or kill her,[1] these self-serving affidavits do not contain "newly discovered evidence," but rather set forth

---

[1] Defendants also argue that judgment should be granted as to Officer Scaramella on the basis that her only contact with Giaimo was taking her initial complaint of domestic abuse by Cosenza.

information that defendants could have submitted to the court during the summary judgment briefing. See <u>The Dweck Law Firm, LLP v. Mann</u>, No. 03 Civ. 8967 SAS, 2004 WL 2202587 (S.D.N.Y. Sept. 30 2004) (internal quotations and citations omitted); <u>see Goins v. JBC & Associates, P.C.</u>, No. 3:02CV1069MRK, 2004 WL 2713235 (D.Conn. Nov. 24, 2004) (Kravitz, J.). Regardless, the affidavits do not alter the court's conclusion that there exists a genuine issue of disputed fact as to what the officers knew and what action they took or failed to take based on their knowledge. These disputed facts will be left to a jury to decide as will the issue of whether Cosenza posed an imminent harm to Giaimo.

<u>CONCLUSION</u>

For the foregoing reasons, the defendants' motion for reconsideration is granted [doc. #46], but the court adheres to its earlier ruling denying summary judgment on the plaintiff's state law negligence claim [doc. #44].

SO ORDERED this 26th day of September, 2005, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　Alan H. Nevas
　　　　　　　　　　　　　　　United States District Judge